DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, Micah Schlauch, appeals the Medina Municipal Court's decision denying his motion to suppress evidence. Finding that Defendant waived his right to assert his appeal, we affirm.
 {¶ 2} On September 2, 2004, Defendant was charged with possession of marijuana in violation of Medina City Code 513.03(a), and possession of drug paraphernalia in violation of R.C. 2925.14(C)(1). Defendant pled not guilty to the charges. On October 14, 2004, Defendant filed a motion to suppress the evidence obtained from what he alleged was a warrantless and illegal entry into his home by the Medina police. The trial court conducted a hearing, and on February 15, 2005, denied Defendant's motion.
 {¶ 3} The State dismissed the drug paraphernalia charge on May 12, 2005. Per journal entry dated July 18, 2005, Defendant entered a guilty plea on the remaining charge of possession of marijuana. He was thereafter sentenced to a mandatory jail term of 30 days.
 {¶ 4} Defendant now appeals and challenges the trial court's decision denying his motion to suppress. He asserts a single assignment of error for our review.
 ASSIGNMENT OF ERROR
"The trial court erred in denying [Defendant's] motion to suppress."
 {¶ 5} In his only assignment of error, Defendant argues that the trial court erred in denying his motion to suppress the evidence obtained from, what he claims, was a non-consensual, warrantless, entry into his home. We conclude that Defendant's guilty plea precludes him from raising this issue on appeal.
 {¶ 6} A non-time stamped "Pretrial Recommendation" from May 11, 2005, is in the case file before us. In that document, the Prosecutor apparently recommended that "[D]efendant plead no contest to Medina City ordinance 513.03a M-1." Defendant, defense counsel and the Medina Municipal Court Judge signed the "Pretrial Recommendation," which stated that they had accepted the recommendation of the prosecutor. On July 18, 2005, however, the trial court's judgment entry indicates that Defendant pled guilty to the charge of possession of marijuana. Notwithstanding this purported recommendation, the record reflects that Defendant entered a plea of guilty to possession of marijuana. He was therefore precluded from challenging the denial of his motion to suppress on appeal. State v. Fitzpatrick, 102 Ohio St.3d 321,2004-Ohio-3167, at ¶ 77.
 {¶ 7} A guilty plea is a "complete admission of the defendant's guilt." Crim.R. 11(B)(1). "A defendant who enters a plea of guilty waives the right to appeal all nonjurisdictional issues arising at prior stages of the proceedings." State v.Kuhner, 154 Ohio App.3d 457, 2003-Ohio-4631, at ¶ 4, citingRoss v. Court (1972), 30 Ohio St.2d 323, 323-4. Thus, where a defendant voluntarily, knowingly and intelligently pleads guilty, he may not thereafter contest an adverse ruling on a pre-trial motion to suppress on appeal. Id., quoting State v. McQueeny,148 Ohio App.3d 606, 2002-Ohio-3731, at ¶ 13. See, also, Tolettv. Henderson (1973), 411 U.S. 258, 267, 36 L.Ed.2d 235.
 {¶ 8} In light of the above, Defendant's assignment of error is overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Whitmore, J., Boyle, J., concur.