[Cite as *State v. Trivette*, 195 Ohio App.3d 300, 2011-Ohio-4297.]


STATE OF OHIO       )                IN THE COURT OF APPEALS
                        )ss:            NINTH JUDICIAL DISTRICT
COUNTY OF WAYNE   )


THE STATE OF OHIO,                   C.A. No.       10CA0048

      Appellant,

      v.                           APPEAL FROM JUDGMENT
                                    ENTERED IN THE
TRIVETTE,                      COURT OF COMMON PLEAS
                                    COUNTY OF WAYNE, OHIO
      Appellee.                CASE No.     10-CR-0187


DECISION AND JOURNAL ENTRY


Dated: August 29, 2011

---

Daniel R. Lutz, Wayne County Prosecuting Attorney, and Latecia E. Wiles, Assistant Prosecuting Attorney, for appellant.

Clarke Owens, for appellee.


      WHITMORE, Judge.

      **{¶ 1}** Appellant, the state of Ohio, appeals from the judgment of the Wayne County Court of Common Pleas, concluding that the vehicle of Ashley Trivette, appellee, was not subject to forfeiture. This court affirms.

I

{¶ 2}   In February 2010, Trivette twice drove another individual, Greg Conley Jr., to Walmart in her 2002 Ford Explorer.  Conley stole three laptop computers from the store on the first occasion and two laptops on the second occasion.  Surveillance video from Walmart captured Trivette and Conley together and using Trivette's vehicle as a means of transportation to and from the store.  The total value of the stolen laptops amounted to $2,990.  The police were able to recover one laptop from Conley's residence when they executed a search warrant there.  The police also searched Trivette's vehicle, but did not find any evidence inside it.  Nevertheless, the police seized the vehicle as a criminal instrumentality.

{¶ 3}   On April 27, 2010, a grand jury indicted Trivette on one count of complicity to commit theft in violation of R.C. 2913.02.  The count included a forfeiture specification, which pertained to Trivette's 2002 Ford Explorer.  On June 14, 2010, Trivette filed a motion for the return of her vehicle, based on its unlawful seizure.  Trivette later decided to enter a guilty plea, but indicated that she "would still like a hearing on her motion for return of [the] vehicle, limited solely to the grounds that the value of the vehicle exceeds her liabilities to the State."  The court held a hearing on August 24, 2010, at which the court accepted Trivette's guilty plea as to the complicity charge.  The court also received evidence on the forfeiture specification and took that matter under advisement.

{¶ 4}   On September 29, 2010, the trial court entered two separate judgment entries.  The first constituted Trivette's sentencing entry, as it set forth her guilty plea and sentenced her to two years of community control.  The second granted Trivette's motion for the return of her vehicle and dismissed the forfeiture specification.  On October 5, 2010, the state filed a request for findings of fact and conclusions of law with regard to the forfeiture ruling.  The court entered its findings and conclusions on October 28, 2010.

{¶ 5} The state now appeals from the court's judgment and raises two assignments of error for our review. For ease of analysis, we consolidate the assignments of error.

II

Assignment of Error Number One

The trial court's entry stating Trivette's vehicle was unlawfully seized and thus not subject to forfeiture was in error and the trial court's factual findings are inconsistent with such a finding.

Assignment of Error Number Two

The trial court erred in ordering the return of the defendant's vehicle.

{¶ 6} In its assignments of error, the state argues that the trial court erred by failing to act and issue a decision in accordance with the procedural scheme set forth in R.C. 2981 et seq. and by ultimately determining that Trivette's vehicle was not subject to forfeiture. We disagree.

{¶ 7} "A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination." *State v. Baumeister*, 9th Dist. No. 23805, 2008-Ohio-110, at ¶ 4. "This Court applies a de novo standard of review to an appeal from a trial court's interpretation and application of a statute." *State v. Massien*, 9th Dist. No. 24369, 2009-Ohio-1521, at ¶ 5. Consequently, this court reviews de novo the matter of whether a trial court correctly interpreted and adhered to the statutory scheme for forfeiture. A challenge to the court's ultimate determination that the state either succeeded or failed in proving that an item is subject to forfeiture, however, is a question of whether the state met its burden. "When reviewing a judgment based on a preponderance of the evidence, we will not reverse the judgment if there is 'some competent, credible evidence going to all the essential elements of the case.' " *State v. Johnson*, 11th Dist. No. 2009-T-0042, 2010-Ohio-1970, at ¶ 28, quoting *C.E.*

*Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 280. Accord *State v. $765 in United States Currency*, 5th Dist. No. 2008CA00116, 2009-Ohio-711, at ¶ 5.

{¶ 8}   R.C. 2981 et seq. governs both civil and criminal forfeitures in Ohio with regard to contraband, proceeds, and criminal instrumentalities. See R.C. 2981.02(A). Upon the commission of an offense, "[a] law enforcement officer may seize property that the officer has probable cause to believe is property subject to forfeiture." R.C. 2981.03(A)(2). The state then acquires provisional title and retains the same until a final adjudication can occur by means of either a criminal forfeiture specification (R.C. 2981.04) or a civil forfeiture petition (R.C. 2981.05). R.C. 2981.03(A)(1). If a person aggrieved by the seizure wishes to challenge the seizure as unlawful, he or she may file a motion to request the return of the property. R.C. 2981.03(A)(4). "If the motion is filed by a defendant after an indictment * * * seeking forfeiture of the property has been filed, the court shall treat the motion as a motion to suppress evidence." Id.

{¶ 9}   Where the state pursues forfeiture by way of indictment, the trial court may resolve the forfeiture issue separate and apart from the ultimate question of a defendant's guilt. R.C. 2981.04(B). Specifically, a defendant may plead guilty to an underlying offense while contesting its attendant forfeiture specification. Id. "If a person pleads guilty to * * * an offense * * * and the complaint * * * contains a [forfeiture] specification[,] * * * the trier of fact shall determine whether the person's property shall be forfeited." Id. The state must prove, by a preponderance of the evidence, that property is subject to forfeiture. Id. On the other hand, a defendant who wishes to contest forfeiture on proportionality grounds bears the burden of proving "that the amount or value of the property subject to forfeiture is disproportionate to the severity of the offense." R.C. 2981.09(A). The elements for each burden of production are

similar, but distinct. Compare R.C. 2981.02(B) (setting forth elements that the state must prove to warrant forfeiture of a criminal instrumentality) with R.C. 2981.09(C) through (D) (setting forth proportionality elements). Thus, in a criminal case where the indictment includes a forfeiture specification for an alleged criminal instrumentality, the trial court could be faced with at least four distinct issues—that is, (1) whether the defendant is guilty of the crime underlying the specification, (2) whether an officer lawfully seized property based on probable cause, (3) whether the property is an instrumentality subject to forfeiture, and (4) whether forfeiture of the instrumentality would be disproportionate to the offense. See R.C. 2981.03(A)(2), 2981.02(A) and (B), 2981.04(B), and 2981.09(A), (C), and (D).

{¶ 10} Trivette initially filed a motion to return her vehicle on the grounds that it had been unlawfully seized. Her motion specifically cited R.C. 2981.03(A)(4) and indicated that the court had to treat the filing as a motion to suppress. Trivette later pleaded guilty to complicity to commit theft, but not to the attendant forfeiture specification. Specifically, Trivette agreed to plead guilty with the understanding that there would be a forfeiture hearing. After a hearing, the trial court issued a judgment entry that both dismissed the forfeiture specification and granted Trivette's motion to return her property because it had been unlawfully seized. In later issuing its findings of fact and conclusions of law, the court reasoned that the state had failed to prove that Trivette's vehicle was a criminal instrumentality pursuant to R.C. 2981.02(B), and even if the vehicle was an instrumentality, forfeiture would be disproportionate to the severity of the offense, pursuant to R.C. 2981.09.

{¶ 11} The state argues that Trivette waived any challenge as to the unlawful seizure of her vehicle by pleading guilty. To the extent that the criminal-forfeiture scheme categorizes a motion to return seized property as a motion to suppress, we agree that the trial court could not

grant Trivette's motion to return her property after she pleaded guilty. See R.C. 2981.03(A)(4) (providing that a defendant's postindictment motion to return property shall be treated as a motion to suppress). A defendant who pleads guilty waives any nonjurisdictional issues arising from pretrial motions, including motions to suppress. *State v. Schlauch*, 9th Dist. No. 05CA0077-M, 2006-Ohio-3293, at ¶ 6-7 (concluding that defendant waived suppression-related issue by pleading guilty). See also *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, at ¶ 78. It is axiomatic, therefore, that a trial court could not revisit a suppression issue after accepting a defendant's guilty plea. See Crim.R. 12(F) (motions to suppress "shall be determined before trial"). By pleading guilty, Trivette agreed to waive her R.C. 2981.03(A)(4) challenge to the seizure of her vehicle, and it was improper for the trial court to grant Trivette's motion to return in its judgment entry on the forfeiture. We disagree with the state, however, that the procedure employed by the trial court had any impact upon the ultimate determination in this matter.

{¶ 12} Before any forfeiture may occur, R.C. 2981.04(B) requires the state to prove that forfeiture is warranted. The statute provides:

> If the state * * * proves by a preponderance of the evidence that the property is in whole or part subject to forfeiture under section 2981.02 of the Revised Code, after a proportionality review under section 2981.09 of the Revised Code when relevant, the trier of fact shall return a verdict of forfeiture that specifically describes the extent of the property subject to forfeiture.

R.C. 2981.04(B). Therefore, the state must ultimately prove that a piece of property is a criminal instrumentality subject to forfeiture, regardless of whether a defendant files a motion to return. Trivette's guilty plea merely waived any argument, pursuant to R.C. 2981.03, that the state unlawfully seized her vehicle. It was not a plea as to the forfeiture specification. Accordingly, while Trivette's plea eliminated the need for the state to

prove that Trivette's vehicle was lawfully seized, it did not relieve the state of its ultimate burden to prove that the vehicle was subject to forfeiture. The trial court's judgment included a dismissal of the forfeiture specification because the state had failed to meet its burden. If the record contains competent, credible evidence in support of the judgment on the forfeiture, therefore, it is irrelevant that the judgment also erroneously granted Trivette's motion to return.

{¶ 13} The state may seek to forfeit an instrumentality used by one who is complicit in the commission of a felony. R.C. 2981.02(A)(3)(c).

> In determining whether an alleged instrumentality was used in or was intended to be used in the commission or facilitation of an offense *** in a manner sufficient to warrant its forfeiture, the trier of fact shall consider the following factors the trier of fact determines are relevant:
>
> (1) Whether the offense could not have been committed or attempted but for the presence of the instrumentality;
>
> (2) Whether the primary purpose in using the instrumentality was to commit or attempt to commit the offense; [and]
>
> (3) The extent to which the instrumentality furthered the commission of, or attempt to commit, the offense.

R.C. 2981.02(B)(1) through (3). "A vehicle constitutes a 'mobile instrumentality,' which is an 'instrumentality' for purposes of R.C. 2981, et seq[.], so long as the vehicle was used or intended to be used to commit an offense." *State v. Jelenic*, 9th Dist. No. 10CA0024-M, 2010-Ohio-6056, at ¶ 9, citing R.C. 2981.01(B)(6) and (8).

{¶ 14} The forfeiture hearing transcript reflects that virtually all the testimony elicited at the hearing bore upon proportionality rather than whether Trivette's vehicle was used "in a manner sufficient to warrant its forfeiture." R.C. 2981.02(B). The only testimony regarding the actual use of the vehicle was that Trivette drove Conley to Walmart on two separate occasions,

wherein he committed theft. Trivette entered the store only on the second occasion, along with a third individual, and the police did not find any of the laptops in Trivette's vehicle when they later searched it. There was no testimony as to when the police searched the vehicle, where Trivette lived, or how she knew Conley. While it is not entirely clear from the record, it appears that the only reason the police identified Trivette as a suspect was that they apprehended Conley after he returned to Walmart by himself to "return[] some items" the same day that Trivette had taken him there. Conley therefore managed to go to Walmart and bring some unidentified "items" with him without the aid of Trivette or her vehicle.

{¶ 15} There is no doubt that Trivette used her vehicle in committing the crime of complicity to commit theft. The Revised Code, however, does not provide for forfeiture based on use alone. Rather, a person must have used an instrumentality "in a manner sufficient to warrant its forfeiture." R.C. 2981.02(B). Accord *Jelenic* 2010-Ohio-6056 at ¶ 9. The state did not present any argument on the individual factors contained in R.C. 2981.02(B) in the court below. Further, the testimony that the state elicited did nothing more than show that Trivette used her vehicle to help Conley commit theft. As the party with the burden of proof, it was the state's responsibility to prove, not that Trivette used her vehicle, but that she used it "in a manner sufficient to warrant its forfeiture." Id. Because the state failed to do so, the trial court's decision not to order forfeiture is not against the manifest weight of the evidence.

{¶ 16} In sum, while the trial court erred by granting Trivette's motion to return her vehicle, that error was harmless. The trial court correctly refused to order the forfeiture of Trivette's vehicle because the state did not prove that it was an instrumentality subject to forfeiture. The state's assignments of error are overruled.

III

**{¶ 17}** The state's assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

————

BELFANCE, P. J., and DICKINSON, J., concur in judgment only.

DICKINSON, J., concurring:

## WHAT OCCURRED IN THE TRIAL COURT

**{¶ 18}** Ashley Trivette twice drove her boyfriend to a Walmart store where he stole laptop computers. When police arrested her for complicity to commit theft, they also seized her 2002 Ford Explorer as a mobile instrumentality subject to forfeiture under Chapter 2981 of the Ohio Revised Code. The grand jury indicted her for complicity to commit theft and included in the indictment a specification for criminal forfeiture of the Explorer in accordance with R.C. 2981.04.

**{¶ 19}** Trivette initially pleaded not guilty and moved for relief from the seizure of her Explorer under R.C. 2981.03(A)(4). That section provides for the return of seized property if the person moving for relief "demonstrate[s] by a preponderance of the evidence that the seizure was unlawful and that the person is entitled to the property." At a minimum, a seizure of property as a mobile instrumentality subject to forfeiture is unlawful if the seizing officer did not have "probable cause to believe [that the property was] property subject to forfeiture." R.C. 2981.03(A)(2).

{¶ 20} In her memorandum in support of her motion for relief from seizure, Trivette did not address whether the officer who seized her Explorer had probable cause to believe it was subject to forfeiture or whether the seizure was otherwise unlawful. Rather, she addressed the merits of whether the Explorer in fact should be forfeited, citing R.C. 2981.02(B) and 2981.09(A). R.C. 2981.02(B) lists factors that a trier of fact is to consider, to the extent it finds them relevant, "[i]n determining whether an alleged instrumentality was used in or was intended to be used in the commission or facilitation of an offense * * * in a manner sufficient to warrant its forfeiture." Those listed factors are whether the offense could have been committed "but for the presence of the instrumentality," whether the "primary purpose in using the instrumentality was to commit * * *the offense," and "[t]he extent to which the instrumentality furthered the commission of * * * the offense." R.C. 2981.02(B)(1) through (3). The other section cited by Trivette, R.C. 2981.09(A), provides, "Property may not be forfeited as an instrumentality under this chapter to the extent that the amount or value of the property is disproportionate to the severity of the offense."

{¶ 21} Before the trial court could hold a hearing on Trivette's motion for the return of the "unlawfully seized vehicle," she filed a document captioned "Motion to Change Plea; Position on Continuance; Maintain Motion for Return of Seized Vehicle," in which she moved for leave "to do a change of plea," and among other things, told the court that "[s]he would still like a hearing on her motion for return of vehicle, limited solely to the grounds that the value of the vehicle exceeds her liabilities to the State." That is, she told the court that she still wanted a hearing on one aspect of the merits of whether the Explorer should be forfeited, whether its value was disproportionate to the severity of her offense within the meaning of R.C. 2981.09(A). By doing so, she in effect abandoned both her argument that the Explorer had been illegally seized

and that it was not forfeitable because it had not been "used in or * * * intended to be used in the commission or facilitation of an offense * * * in a manner sufficient to warrant its forfeiture." R.C. 2981.02(B).

{¶ 22} On the day that Trivette appeared in court to change her plea, her lawyer confirmed to the court that she intended to withdraw her plea of not guilty and plead guilty to the complicity charge. He also reiterated her desire for a hearing limited to one aspect of whether the Explorer should be forfeited:

> THE COURT: Okay. But we need to have a hearing on the forfeiture that the State is pursuing.
>
> [MS. TRIVETTE'S LAWYER]: Yes. We've requested a hearing on that because we believe that the value of the vehicle is higher than the potential liabilities. And under the statute the forfeiture is not permitted in that situation.
>
> THE COURT: Are you ready to proceed on that hearing, Ms. [Prosecutor]?
>
> [PROSECUTOR]: Yes, Your Honor.
>
> THE COURT: All right. Why don't we do that first and then - -
>
> [MS. TRIVETTE'S LAWYER]: Okay.
>
> THE COURT: - - we can handle the pleas. All right.
>
> [PROSECUTOR]: State calls Sgt. Conwell.

{¶ 23} The prosecutor had Sergeant Conwell give a brief description of Trivette's involvement in her boyfriend's stealing the laptops, including that she had twice used the Explorer to drive him to Walmart. Not surprisingly, however, in view of Trivette's statement that she wanted a hearing only on whether the value of the Explorer was disproportionate to the severity of the offense, the prosecutor did not attempt to prove any of the factors listed in R.C.

2981.02(B). She did have him briefly describe the Explorer: "It's tan in color. Has a different color tailgate. Appears to maybe have been replaced at one time. The tailgate is actually maroon. In speaking with Ms. Trivette she did acknowledge that she is the owner of the vehicle. That the vehicle is paid off. She did note to me when we actually seized it that it wasn't in very good working order as the four wheel drive or the transmission part of it was currently going out on it. It was not functioning correctly. The overall appearance of the vehicle including the interior, I would call it fair to poor." On cross-examination, Trivette's lawyer did not question Sergeant Conwell about Trivette's use of the Explorer in taking her boyfriend to and from Walmart. He did question him regarding the value of the stolen laptops, which the Sergeant placed at around $3,000, and the value that he would place on the Explorer, which the Sergeant put in a range between $2,975 and $3,850 based on descriptions for 2002 Explorers published in an NADA price guide. The Sergeant specified that he believed it would be "closer to the $2,975."

{¶ 24} The state then rested, and Trivette testified. According to her, she had purchased the Explorer for $8,000 about eight months before police seized it, and she had recently replaced its tires. She also testified that she needed the Explorer because she was "getting ready to have a baby." She acknowledged that she was "probably looking at a license suspension," but that after her suspension, she was "definitely going to need a vehicle." Her lawyer did not ask her any questions regarding her use of the Explorer to take her boyfriend to and from Walmart.

{¶ 25} After Trivette rested, the court allowed both sides to argue. The prosecutor restricted her argument to proportionality under R.C. 2981.09. Trivette's lawyer, however, not only argued that the Explorer was not forfeitable under R.C. 2981.09, but also suggested that the

state had failed to prove that it was forfeitable under R.C. 2981.02(B). The court took the issue of whether the Explorer should be forfeited under advisement.

**{¶ 26}** Two days after the hearing and Trivette's change of plea, the court filed a "Judgment Entry Change of Plea," noting her change of plea and scheduling her sentencing. Although the entry mentioned the specification, it did not say that the court had taken the question of whether the Explorer should be forfeited under advisement. As a result, Trivette filed a "Request for Clarification or Entry *Nunc Pro Tunc*," in which she noted that the court had failed to mention that it had taken the forfeiture question under advisement. As a result, the court filed a "Judgment Entry Change of Plea *Nunc Pro Tunc*," in which it wrote that it had held a hearing on the specification and had taken the forfeiture question under advisement.

**{¶ 27}** On the day that the court filed an entry sentencing Trivette for complicity to commit theft, it filed a separate judgment entry regarding the specification. In that entry, it wrote that the matter was before it on Trivette's "Motion for Return of Unlawfully Seized Vehicle, pursuant to R.C. 2981.03" and that she had objected to "the seizure of [her] 2002 Ford Explorer." It noted that it had held a hearing "on the circumstances of the crime and on the value of the vehicle" and that it found, "[a]fter consideration of the evidence and review of Chapter 2981 of the Ohio Revised Code, * * * that the vehicle was unlawfully seized." It held that Trivette's motion was "granted," instructed the state to return the Explorer to her, and "dismissed" the specification.

**{¶ 28}** The state thereafter filed a request for findings of fact and conclusions of law. In its request, the state noted that the court had filed an entry "indicating that the Court found that the vehicle was unlawfully seized" and requested "findings of fact and conclusions of law pursuant to Rule 52 of the Ohio Rules of Civil Procedure on the forfeiture issue."

{¶ 29} In response, the court filed an entry captioned "Judgment Entry with Findings of Fact & Conclusions of Law." In that entry, it wrote that the matter was before it "on the State's timely request for findings of fact and conclusions of law * * * based on the Court's Judgment Entry * * * granting [Trivette's] Motion for Return of Unlawfully Seized Vehicle, RC 2981.03(A)(4) and dismissing a forfeiture specification in the Indictment." The court recited the testimony that was presented at the hearing and reviewed the law relevant to forfeiture of criminal instrumentalities, including the factors listed in R.C. 2981.02(B). It then found "that the State failed to meet its burden to prove that Ms. Trivette's vehicle was an instrumentality used 'in a manner sufficient to warrant forfeiture' under [Section] 2981.02." It further found that the market value of the Explorer was approximately $4,000, that Trivette's involvement in her boyfriend's theft of the computers from Walmart was "relatively minor," that the Explorer had "significant value to [Trivette]," and, according to the court, "more importantly," that it had significant value to "an innocent person affected by a forfeiture, namely her baby." The court concluded that "a forfeiture of the vehicle in this case is disproportionate in its total effect to the effect of the crime committed, and is not necessary for purposes of restitution or any other purpose envisioned by the statutory scheme." It "ORDERED, ADJUDGED, AND DECREED that [Trivette's] 2002 Ford Explorer * * * shall be returned to her forthwith." The state appealed.

THE STATE'S FIRST ASSIGNMENT OF ERROR

{¶ 30} The state's first assignment of error is that the trial court's finding that Trivette's Explorer was unlawfully seized "was in error and the trial court's factual findings are inconsistent with such a finding." In support of this assignment, the state has argued that the question of whether the state illegally seized the Explorer became moot when Trivette pleaded

guilty, and further, that the trial court's findings of fact related only to the ultimate question of whether the Explorer should be forfeited rather than whether the state had probable cause to believe that it was subject to forfeiture at the time it was seized.

{¶ 31} The state is not required to immediately seize property in order to seek its forfeiture by a specification in a criminal complaint, indictment, or information under R.C. 2981.04 or through a civil forfeiture proceeding under 2981.05. R.C. 2981.03, however, permits a law enforcement officer to do so when he or she has probable cause to believe that it is property subject to forfeiture. That same section provides two avenues for a person to seek return of the property pending the ultimate determination of whether it should be forfeited. Under R.C. 2981.03(A)(4), a person aggrieved by an alleged unlawful seizure may seek return of the property by demonstrating "by a preponderance of the evidence that the seizure was unlawful and that the person is entitled to the property." Under R.C. 2981.03(D)(3), with certain exceptions, a person can seek conditional release of property subject to forfeiture by demonstrating that he or she has a possessory interest in it, that he or she has sufficient ties to the community to assure that the property will be available at the time of the trial, and that failure to conditionally release the property will cause substantial hardship to the claimant.

{¶ 32} Trivette cited R.C. 2981.03(A)(4) in support of her motion for return of her Explorer, thereby asserting that the state had unlawfully seized it. At the hearing held before the court, however, she failed to present any evidence that the state had illegally seized her Explorer, either because it lacked probable cause to believe that it was subject to forfeiture or for any other reason. She did not, therefore, carry her burden of proving by a preponderance of the evidence that the seizure was unlawful, and the trial court erred by holding that the state had unlawfully seized the vehicle. That error, however, was harmless because, at the same time the court held

that the state had unlawfully seized the Explorer, it also held that the Explorer should not be forfeited and dismissed the specification seeking its forfeiture. At that point, Trivette was entitled to the return of the Explorer regardless of whether it had been unlawfully seized. Accordingly, the state's first assignment of error is properly overruled.

THE STATE'S SECOND ASSIGNMENT OF ERROR

{¶ 33} The state's second assignment of error is that the trial court incorrectly ordered the return of Trivette's Explorer. It has argued both that the Explorer was subject to forfeiture as an instrumentality used in the commission or facilitation of an offense in a manner sufficient to warrant its forfeiture under R.C. 2981.02 and that its value was not disproportionate to the seriousness of Trivette's offense under R.C. 2981.09.

{¶ 34} R.C. 2981.04(B) places the burden of proving by a preponderance of the evidence that property is "subject to forfeiture" under R.C. 2981.02 on the state or political subdivision seeking forfeiture. The trial court determined that the state failed to carry its burden on that question. It erred by doing so—not because the state in fact carried its burden, but because that question was not properly before the court. Trivette had twice represented that she wished a hearing only on the question of proportionality, once in her "Motion to Change Plea; Position on Continuance; Maintain Motion for Return of Seized Vehicle" and once at the outset of the hearing. She thereby abandoned any argument that the Explorer was not subject to forfeiture because it had not been an instrumentality used in the commission or facilitation of an offense in a manner sufficient to warrant its forfeiture. Just as the trial court's error in holding that the Explorer was unlawfully seized was harmless, however, its determination that the state failed to carry its burden of proving that the Explorer was used in the commission or facilitation of an offense in a manner sufficient to warrant its forfeiture was also harmless. This error was

harmless because the trial court found in the alternative that the value of the Explorer was disproportionate to the severity of Trivette's offense under R.C. 2981.09.

{¶ 35} R.C. 2981.09(A) places on the owner of property subject to forfeiture both the burden of going forward and the burden of proving by a preponderance of the evidence "that the amount or value of the property subject to forfeiture is disproportionate to the severity of the offense." Under R.C. 2981.09(C), in determining the severity of the offense, "the court shall consider all relevant factors including, but not limited to, the following: (1) [t]he seriousness of the offense and its impact on the community, including the duration of the activity and the harm caused or intended by the person whose property is subject to forfeiture; (2) [t]he extent to which the person whose property is subject to forfeiture participated in the offense; [and] (3) [w]hether the offense was completed or attempted." Under R.C. 2981.09(D), in determining the value of the property, "the court shall consider relevant factors including, but not limited to, the following: (1) [t]he fair market value of the property; [and] (2) [t]he value of the property to the person whose property is subject to forfeiture, including hardship to the person or to innocent persons if the property were forfeited."

{¶ 36} Trivette met her burden of going forward by introducing evidence on the factors listed in R.C. 2981.09(C) and (D). The court had before it evidence regarding the value of the laptops her boyfriend stole, the fact that her role was limited to driving him to and from Walmart on two occasions using her Explorer, and the fact that he completed the thefts before being caught. It also had evidence regarding the value of the Explorer in the form of Trivette's testimony that she had bought it eight months prior to its seizure for $8,000 and had recently replaced its tires. It also had testimony regarding its appearance and mechanical condition. R.C. 2981.09 does not instruct a trial court regarding exactly how to weigh the factors listed in it or

any other factors it deems relevant. Rather, that weighing is committed to the trial court's discretion. The trial court did not err as a matter of law by determining that Trivette had met her burden of going forward with the evidence regarding factors to be weighed under Section 2981.09, and it exercised proper discretion in weighing those factors and determining that the value of the Explorer to Trivette and her unborn baby was disproportionate to the severity of her involvement in her boyfriend's theft of laptop computers from Walmart. The state's second assignment of error is properly overruled.