Whitmore, Judge.
{¶ 1} Appellant, the state of Ohio, appeals from the judgment of the Wayne County Court of Common Pleas, concluding that the vehicle of Ashley Trivette, appellee, was not subject to forfeiture. This court affirms.
I
{¶ 2} In February 2010, Trivette twice drove another individual, Greg Conley Jr., to Walmart in her 2002 Ford Explorer. Conley stole three laptop computers *303 from the store on the first occasion and two laptops on the second occasion. Surveillance video from Walmart captured Trivette and Conley together and using Trivette’s vehicle as a means of transportation to and from the store. The total value of the stolen laptops amounted to $2,990. The police were able to recover one laptop from Conley’s residence when they executed a search warrant there. The police also searched Trivette’s vehicle, but did not find any evidence inside it. Nevertheless, the police seized the vehicle as a criminal instrumentality.
{¶ 3} On April 27, 2010, a grand jury indicted Trivette on one count of complicity to commit theft in violation of R.C. 2913.02. The count included a forfeiture specification, which pertained to Trivette’s 2002 Ford Explorer. On June 14, 2010, Trivette filed a motion for the return of her vehicle, based on its unlawful seizure. Trivette later decided to enter a guilty plea, but indicated that she “would still like a hearing on her motion for return of [the] vehicle, limited solely to the grounds that the value of the vehicle exceeds her liabilities to the State.” The court held a hearing on August 24, 2010, at which the court accepted Trivette’s guilty plea as to the complicity charge. The court also received evidence on the forfeiture specification and took that matter under advisement.
{¶ 4} On September 29, 2010, the trial court entered two separate judgment entries. The first constituted Trivette’s sentencing entry, as it set forth her guilty plea and sentenced her to two years of community control. The second granted Trivette’s motion for the return of her vehicle and dismissed the forfeiture specification. On October 5, 2010, the state filed a request for findings of fact and conclusions of law with regard to the forfeiture ruling. The court entered its findings and conclusions on October 28, 2010.
{¶ 5} The state now appeals from the court’s judgment and raises two assignments of error for our review. For ease of analysis, we consolidate the assignments of error.
II

Assignment of Error Number One

The trial court’s entry stating Trivette’s vehicle was unlawfully seized and thus not subject to forfeiture was in error and the trial court’s factual findings are inconsistent with such a finding.

Assignment of Error Number Two

The trial court erred in ordering the return of the defendant’s vehicle.
{¶ 6} In its assignments of error, the state argues that the trial court erred by failing to act and issue a decision in accordance with the procedural scheme set *304 forth in R.C. 2981 et seq. and by ultimately determining that Trivette’s vehicle was not subject to forfeiture. We disagree.
{¶ 7} “A de novo review requires an independent review of the trial court’s decision without any deference to the trial court’s determination.” State v. Baumeister, 9th Dist. No. 23805, 2008-Ohio-110, 2008 WL 142450, at ¶ 4. “This Court applies a de novo standard of review to an appeal from a trial court’s interpretation and application of a statute.” State v. Massien, 9th Dist. No. 24369, 2009-Ohio-1521, 2009 WL 826410, at ¶ 5. Consequently, this court reviews de novo the matter of whether a trial court correctly interpreted and adhered to the statutory scheme for forfeiture. A challenge to the court’s ultimate determination that the state either succeeded or failed in proving that an item is subject to forfeiture, however, is a question of whether the state met its burden. “When reviewing a judgment based on a preponderance of the evidence, we will not reverse the judgment if there is ‘some competent, credible evidence going to all the essential elements of the case.’ ” State v. Johnson, 11th Dist. No. 2009-T-0042, 2010-Ohio-1970, 2010 WL 1782446, at ¶ 28, quoting C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 280, 8 O.O.3d 261, 376 N.E.2d 578. Accord State v. $765 in United States Currency, 181 Ohio App.3d 162, 2009-Ohio-711, 908 N.E.2d 486, at ¶ 5.
{¶ 8} R.C. 2981 et seq. governs both civil and criminal forfeitures in Ohio with regard to contraband, proceeds, and criminal instrumentalities. See R.C. 2981.02(A). Upon the commission of an offense, “[a] law enforcement officer may seize property that the officer has probable cause to believe is property subject to forfeiture.” R.C. 2981.03(A)(2). The state then acquires provisional title and retains the same until a final adjudication can occur by means of either a criminal forfeiture specification (R.C. 2981.04) or a civil forfeiture petition (R.C. 2981.05). R.C. 2981.03(A)(1). If a person aggrieved by the seizure wishes to challenge the seizure as unlawful, he or she may file a motion to request the return of the property. R.C. 2981.03(A)(4). “If the motion is filed by a defendant after an indictment * * * seeking forfeiture of the property has been filed, the court shall treat the motion as a motion to suppress evidence.” Id.
{¶ 9} Where the state pursues forfeiture by way of indictment, the trial court may resolve the forfeiture issue separate and apart from the ultimate question of a defendant’s guilt. R.C. 2981.04(B). Specifically, a defendant may plead guilty to an underlying offense while contesting its attendant forfeiture specification. Id. “If a person pleads guilty to * * * an offense * * * and the complaint * * * contains a [forfeiture] specification[,] * * * the trier of fact shall determine whether the person’s property shall be forfeited.” Id. The state must prove, by a preponderance of the evidence, that property is subject to forfeiture. Id. On the other hand, a defendant who wishes to contest forfeiture on proportionality *305 grounds bears the burden of proving “that the amount or value of the property subject to forfeiture is disproportionate to the severity of the offense.” R.C. 2981.09(A). The elements for each burden of production are similar, but distinct. Compare R.C. 2981.02(B) (setting forth elements that the state must prove to warrant forfeiture of a criminal instrumentality) with R.C. 2981.09(C) through (D) (setting forth proportionality elements). Thus, in a criminal case where the indictment includes a forfeiture specification for an alleged criminal instrumentality, the trial court could be faced with at least four distinct issues — that is, (1) whether the defendant is guilty of the crime underlying the specification, (2) whether an officer lawfully seized property based on probable cause, (3) whether the property is an instrumentality subject to forfeiture, and (4) whether forfeiture of the instrumentality would be disproportionate to the offense. See R.C. 2981.03(A)(2), 2981.02(A) and (B), 2981.04(B), and 2981.09(A), (C), and (D).
{¶ 10} Trivette initially filed a motion to return her vehicle on the grounds that it had been unlawfully seized. Her motion specifically cited R.C. 2981.03(A)(4) and indicated that the court had to treat the filing as a motion to suppress. Trivette later pleaded guilty to complicity to commit theft, but not to the attendant forfeiture specification. Specifically, Trivette agreed to plead guilty with the understanding that there would be a forfeiture hearing. After a hearing, the trial court issued a judgment entry that both dismissed the forfeiture specification and granted Trivette’s motion to return her property because it had been unlawfully seized. In later issuing its findings of fact and conclusions of law, the court reasoned that the state had failed to prove that Trivette’s vehicle was a criminal instrumentality pursuant to R.C. 2981.02(B), and even if the vehicle was an instrumentality, forfeiture would be disproportionate to the severity of the offense, pursuant to R.C. 2981.09.
{¶ 11} The state argues that Trivette waived any challenge as to the unlawful seizure of her vehicle by pleading guilty. To the extent that the criminal-forfeiture scheme categorizes a motion to return seized property as a motion to suppress, we agree that the trial court could not grant Trivette’s motion to return her property after she pleaded guilty. See R.C. 2981.03(A)(4) (providing that a defendant’s postindictment motion to return property shall be treated as a motion to suppress). A defendant who pleads guilty waives any nonjurisdictional issues arising from pretrial motions, including motions to suppress. State v. Schlauch, 9th Dist. No. 05CA0077-M, 2006-Ohio-3293, 2006 WL 1751057, at ¶ 6-7 (concluding that defendant waived suppression-related issue by pleading guilty). See also State v. Fitzpatrick, 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d 927, at ¶ 78. It is axiomatic, therefore, that a trial court could not revisit a suppression issue after accepting a defendant’s guilty plea. See Crim.R. 12(F) (motions to suppress “shall be determined before trial”). By pleading guilty, Trivette agreed to waive her R.C. 2981.03(A)(4) challenge to the *306 seizure of her vehicle, and it was improper for the trial court to grant Trivette’s motion to return in its judgment entry on the forfeiture. We disagree with the state, however, that the procedure employed by the trial court had any impact upon the ultimate determination in this matter.
{¶ 12} Before any forfeiture may occur, R.C. 2981.04(B) requires the state to prove that forfeiture is warranted. The statute provides:
If the state * * * proves by a preponderance of the evidence that the property is in whole or part subject to forfeiture under section 2981.02 of the Revised Code, after a proportionality review under section 2981.09 of the Revised Code when relevant, the trier of fact shall return a verdict of forfeiture that specifically describes the extent of the property subject to forfeiture.
R.C. 2981.04(B). Therefore, the state must ultimately prove that a piece of property is a criminal instrumentality subject to forfeiture, regardless of whether a defendant files a motion to return. Trivette’s guilty plea merely waived any argument, pursuant to R.C. 2981.03, that the state unlawfully seized her vehicle. It was not a plea as to the forfeiture specification. Accordingly, while Trivette’s plea eliminated the need for the state to prove that Trivette’s vehicle was lawfully seized, it did not relieve the state of its ultimate burden to prove that the vehicle was subject to forfeiture. The trial court’s judgment included a dismissal of the forfeiture specification because the state had failed to meet its burden. If the record contains competent, credible evidence in support of the judgment on the forfeiture, therefore, it is irrelevant that the judgment also erroneously granted Trivette’s motion to' return.
{¶ 13} The state may seek to forfeit an instrumentality used by one who is complicit in the commission of a felony. R.C. 2981.02(A)(3)(c).
In determining whether an alleged instrumentality was used in or was intended to be used in the commission or facilitation of an offense * * * in a manner sufficient to warrant its forfeiture, the trier of fact shall consider the following factors the trier of fact determines are relevant:
(1) Whether the offense could not have been committed or attempted but for the presence of the instrumentality;
(2) Whether the primary purpose in using the instrumentality was to commit or attempt to commit the offense; [and]
(3) The extent to which the instrumentality furthered the commission of, or attempt to commit, the offense.
R.C. 2981.02(B)(1) through (3). “A vehicle constitutes a ‘mobile instrumentality,’ which is an ‘instrumentality’ for purposes of R.C. 2981, et seq[.], so long as the vehicle was used or intended to be used to commit an offense.” State v. Jelenic, 9th Dist. No. 10CA0024-M, 2010-Ohio-6056, at ¶ 9, citing R.C. 2981.01(B)(6) and (8).
*307 {¶ 14} The forfeiture hearing transcript reflects that virtually all the testimony elicited at the hearing bore upon proportionality rather than whether Trivette’s vehicle was used “in a manner sufficient to warrant its forfeiture.” R.C. 2981.02(B). The only testimony regarding the actual use of the vehicle was that Trivette drove Conley to Walmart on two separate occasions, wherein he committed theft. Trivette entered the store only on the second occasion, along with a third individual, and the police did not find any of the laptops in Trivette’s vehicle when they later searched it. There was no testimony as to when the police searched the vehicle, where Trivette lived, or how she knew Conley. While it is not entirely clear from the record, it appears that the only reason the police identified Trivette as a suspect was that they apprehended Conley after he returned to Walmart by himself to “return[] some items” the same day that Trivette had taken him there. Conley therefore managed to go to Walmart and bring some unidentified “items” with him without the aid of Trivette or her vehicle.
{¶ 15} There is no doubt that Trivette used her vehicle in committing the crime of complicity to commit theft. The Revised Code, however, does not provide for forfeiture based on use alone. Rather, a person must have used an instrumentality “in a manner sufficient to warrant its forfeiture.” R.C. 2981.02(B). Accord Jelenic, 2010-Ohio-6056, 2010 WL 5108734, at ¶ 9. The state did not present any argument on the individual factors contained in R.C. 2981.02(B) in the court below. Further, the testimony that the state elicited did nothing more than show that Trivette used her vehicle to help Conley commit theft. As the party with the burden of proof, it was the state’s responsibility to prove, not that Trivette used her vehicle, but that she used it “in a manner sufficient to warrant its forfeiture.” Id. Because the state failed to do so, the trial court’s decision not to order forfeiture is not against the manifest weight of the evidence.
{¶ 16} In sum, while the trial court erred by granting Trivette’s motion to return her vehicle, that error was harmless. The trial court correctly refused to order the forfeiture of Trivette’s vehicle because the state did not prove that it was an instrumentality subject to forfeiture. The state’s assignments of error are overruled.
Ill
{¶ 17} The state’s assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
Belfance, P.J., and Dickinson, J., concur in judgment only.