[Cite as *Euclid v. Hayden*, 2012-Ohio-488.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96933**

## CITY OF EUCLID

PLAINTIFF-APPELLEE

vs.

## CONROY O. HAYDEN

DEFENDANT-APPELLANT

**JUDGMENT:**
**AFFIRMED**

Criminal Appeal from the
Euclid Municipal Court
Case No. 08-CRA-01159

**BEFORE:**   Sweeney, J., Boyle, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:**   February 9, 2012

**FOR APPELLANT**

Conroy Hayden, Pro Se
No. 562-601
Grafton Correctional Inst.
2500 S. Avon-Belden Road
Grafton, Ohio 44044

**ATTORNEY FOR APPELLEE**

Jason L. Carter, Esq.
Assistant Law Director
City of Euclid
585 East 222nd Street
Euclid, Ohio 44123

JAMES J. SWEENEY, J.:

{¶ 1}   Defendant-appellant Conroy O. Hayden ("defendant") appeals the Euclid Municipal Court's overruling his motion for return of property for lack of jurisdiction. After reviewing the facts of the case and pertinent law, we affirm.

{¶ 2}   On July 18, 2008, officers from the Euclid Police Department executed a search warrant in conjunction with a drug trafficking investigation and seized the contents of two briefcases and a cellular phone belonging to defendant.   According to the inventory list, the seized contents included photographs, wallets, passports, "drug ledgers," and other miscellaneous papers.

{¶ 3}   On August 17, 2008, defendant was arrested after a complaint was issued against him in the Euclid Municipal Court for felony drug trafficking.   On August 28,

2008, defendant waived his preliminary hearing and the case was bound over to the Cuyahoga County Court of Common Pleas.

{¶ 4} On February 18, 2009, defendant pled guilty to drug trafficking in violation of R.C. 2925.03(A)(2) with firearm and forfeiture specifications in Cuyahoga County Court of Common Pleas Case No. CR-515284. On April 1, 2010 and July 26, 2010, defendant filed motions for return of property, which the common pleas court denied on August 3, 2010.

{¶ 5} On May 17, 2011, defendant filed a motion for return of property in the Euclid Municipal Court, which the court overruled on May 23, 2011. It is from this order that defendant appeals, pro se, alleging one assignment of error.

> I. The Euclid City Municipal Court abused its discretion when it denied defendant-appellant's motion for the return of property seized pursuant to [a] criminal search warrant issued by that court when property seized was not ordered forfeited or used as evidence to obtain [a] conviction in [the] court of common pleas.

{¶ 6} Pursuant to R.C. 1901.20(B), a municipal court's "jurisdiction to hear felony cases committed within its territory" is limited to the following:

> the court may conduct preliminary hearings and other necessary hearings prior to the indictment of the defendant or prior to the court's finding that there is probable and reasonable cause to hold or recognize the defendant to appear before a court of common pleas and may discharge, recognize, or commit the defendant.

{¶ 7} In *State v. Nelson*, 51 Ohio App.2d 31, 37, 365 N.E.2d 1268 (8th Dist.1977), this court further explained a municipal court's power to conduct a preliminary hearing:

> When a defendant is brought before a municipal court for a preliminary hearing on a felony charge, the municipal court has no jurisdiction to

determine his guilt or innocence but is limited to binding the defendant over to the court of common pleas, ordering the defendant discharged, or finding probable cause to believe the defendant committed a misdemeanor and retaining the case for trial after issuing a complaint charging the defendant with the misdemeanor.

*See also* Crim.R. 5(B)(1) (stating that "[i]n felony cases a defendant is entitled to a preliminary hearing unless waived in writing. If the defendant waives preliminary hearing, the judge or magistrate shall forthwith order the defendant bound over to the court of common pleas").

{¶ 8} In the instant case, defendant signed a written waiver of the preliminary hearing on August 28, 2008, and on the same day, the municipal court "ordered [him] bound over to the (Cuyahoga County) Common Pleas Court for further proceeding[s]." The municipal court properly exercised its limited jurisdiction in defendant's case. *Compare Corrigan v. Gaines*, 8th Dist. No. 35393, 1976 WL 191188 (Oct. 21, 1976) (holding that "[t]he municipal court does not have jurisdiction to order the County Prosecutor to return property to a defendant charged with a felony where that property was seized from the defendant by the police in connection with the defendant's arrest, even though that property is not relevant to the charge or charges against the defendant at the time of the preliminary hearing"). *See also City of Cleveland v. McClain*, 8th Dist. No. 64351, 1993 WL 526799 (Dec. 16, 1993) (holding that "the correct reading of Crim.R. 5(B)(7) divests a municipal court of jurisdiction over a felony charge seven days after the conclusion of the preliminary hearing and findings as to probable cause").

**{¶ 9}** Assuming arguendo that defendant overcame this jurisdictional issue, his motion for return of property is barred by the doctrine of res judicata.

> [A] convicted defendant is precluded under the doctrine of *res judicata* from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on appeal from that judgment. *State v. Szefcyk*, 77 Ohio St.3d 93, 96, 671 N.E.2d 233 (1996) (reaffirming *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967)).

**{¶ 10}** Defendant did not appeal his February 18, 2009 conviction, which included a forfeiture specification. In addition, the common pleas court denied defendant's first and second motions for return of property on August 3, 2010. *Accord State v. Trivette*, 9th Dist. No. 10CA0048, 2011-Ohio-4297, 2011 WL 3798927, ¶11 (concluding that "[t]o the extent that the criminal forfeiture scheme categorized a motion to return seized property as a motion to suppress, we agree that the trial court could not grant Trivette's motion to return her property after she pleaded guilty").

**{¶ 11}** Accordingly, the court did not err in determining that it lacked jurisdiction to hear defendant's motion to return property and his sole assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Euclid Municipal Court to carry this judgment into execution. The defendant's conviction

having been affirmed, any bail pending appeal is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

JAMES J. SWEENEY, JUDGE

MARY J. BOYLE, P.J., and
KATHLEEN A. KEOUGH, J., CONCUR