[Cite as *State v. Banks*, 2024-Ohio-5873.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO,<br>CITY OF EASTLAKE,<br><br>               Plaintiff-Appellee,<br><br>    - vs -<br><br>DAJUAN L. BANKS,<br><br>               Defendant-Appellant. | CASE NO. 2024-L-082<br><br><br>Criminal Appeal from the<br>Willoughby Municipal Court<br><br><br>Trial Court No. 2007 CRA 04105 |

**M E M O R A N D U M**
**O P I N I O N**

Decided: December 16, 2024
Judgment: Appeal dismissed

*Jacqueline O' Donnell*, City of Eastlake Prosecutor, 35150 Lakeshore Boulevard, Eastlake, OH 44095 (For Plaintiff-Appellee).

*Dajuan L. Banks*, pro se, PID# A560-248, Grafton Correctional Institution, 2500 South Avon Belden Road, Grafton, OH 44044 (Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1}   On October 18, 2024, appellant, Dajuan L. Banks, filed a pro se notice of appeal from the Willoughby Municipal Court's October 1, 2024 judgment entry.

{¶2}   This matter stems from a July 22, 2007 complaint alleging aggravated murder, filed in the Willoughby Municipal Court. Appellant waived the preliminary hearing and was bound over to the Lake County Court of Common Pleas on October 30, 2007.

{¶3}    On September 20, 2024, appellant filed a "Motion to Dismiss Complaint" in the Willoughby Municipal Court. The court denied the motion on October 1, 2024. Appellant appeals from that entry.

{¶4}    Appellate courts have jurisdiction over final orders or judgments of lower courts within their appellate districts. Section 3(B)(2), Article IV, Ohio Constitution. A judgment entry issued by a court without jurisdiction is a mere nullity and therefore void. *State v. Henderson*, 2020-Ohio-4784, ¶ 17; *State v. Hall*, 2021-Ohio-791, ¶ 39 (11th Dist.). A void judgment is not a final and appealable order. *Gordon v. Gordon*, 2009-Ohio-177, ¶ 30 (5th Dist.).

{¶5}    R.C. 1901.20(B) and Crim.R. 5 limit a municipal court's jurisdiction in felony cases to preliminary and probable cause hearings prior to bind over to a court of common pleas. *Euclid v. Hayden*, 2012-Ohio-488, ¶ 6-8 (8th Dist.). When this case was bound over to the Lake County Court of Common Pleas, the Willoughby Municipal Court was divested of its limited jurisdiction over the felony charges against appellant. *See State ex rel. Pesci v. Lucci*, 2007-Ohio-1547, ¶ 13 (11th Dist.). Because the court no longer had jurisdiction over the matter, the October 1, 2024 entry is void and therefore, not a final and appealable order. Without a final order, this court does not have jurisdiction, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).

{¶6} Accordingly, the appeal is hereby dismissed for lack of a final appealable order.

MATT LYNCH, J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2024-L-082