DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, Anthony Mazzagatti, appeals the decision of the Summit County Court of Common Pleas ordering the forfeiture of certain property. We affirm.
 {¶ 2} An indictment was filed on March 31, 2004, charging Defendant with one count of engaging in a pattern of corrupt activity, in violation of R.C. 2923.32, one count of illegal assembly or possession of chemicals for the manufacture of drugs, in violation of R.C. 2925.041(A), and one count of receiving stolen property, in violation of R.C. 2913.51(A). A forfeiture specification was added by a supplemental indictment, indicating that two vehicles and a flat bed trailer within Defendant's possession were contraband pursuant to R.C. 2923.32/2925.41.
 {¶ 3} On April 18, 2005, Defendant pled guilty to a lesser included offense of receiving stolen property, a fourth degree felony. All of the other charges against Defendant were thereafter dismissed and a forfeiture hearing was continued until April 26, 2005. On April 26, 2005, Defendant was sentenced to 18 months in prison. Defendant's sentence was then suspended, and he was placed instead on two years of community control. The trial court subsequently conducted an evidentiary hearing on the State's motion to forfeit. October 21, 2005, the trial court granted the motion to forfeit one of the vehicles and the flat bed trailer. Defendant now appeals, asserting a single assignment of error for our review.
 ASSIGNMENT OF ERROR
"The trial court erred as the court failed to make an independent determination whether the forfeiture of the property; i.e. 1997 Chevrolet Truck (tow truck) and flat bed trailer is an `excessive fine' prohibited by the excessive fine clauses of the Ohio and United States Constitutions."
 {¶ 4} In his only assignment of error, Defendant argues that the trial court erred in failing to make an independent determination as to whether the forfeiture of the property was an excessive fine. We disagree.
 {¶ 5} Defendant waived his right to raise the issue he is seeking to appeal. Defendant did not challenge the constitutionality of the forfeiture before the trial court, and consequently, cannot do so for the first time on appeal. Statev. Awan (1986), 22 Ohio St.3d 120, syllabus. Failure to raise an objection at the trial court level constitutes a waiver of the right to raise that issue on appeal absent plain error. See, generally, State v. Lawson (1992), 64 Ohio St.3d 336, 340. Defendant has neither argued plain error, nor have we been presented with evidence demonstrating that the court erred.
 {¶ 6} Defendant's assignment of error is overruled and the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Moore, J. Boyle, J. concur.