DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Samer Sammor ("Sammor"), appeals the judgment of the Summit County Court of Common Pleas which found that, pursuant to a plea agreement, he forfeited the property seized from his residence because he could not prove it was obtained legally. This Court affirms.
 I. {¶ 2} On February 28, 2007, Sammor was indicted by way of secret indictment on thirty-two separate counts, including counts for money laundering, receiving stolen property, and engaging in a pattern of corrupt activity. On March 7, 2007, an arraignment was held in the Summit County Court of Common Pleas at which Sammor pled not guilty to all charges against him. On May 25, 2007, pursuant to the specifications of a plea agreement with the State, Sammor withdrew his prior plea and pled guilty to all charges in the indictment. On October 15, 2007, a sentencing hearing was held and the trial court ruled that Sammor was to "be confined in *Page 2 
the Ohio Department of Corrections for a period of four years." In addition, the trial court set a date for a forfeiture hearing to determine what property was forfeited subject to the plea agreement.
 {¶ 3} On November 20, 2007, the forfeiture hearing was held. After hearing arguments from both sides, the trial court ordered that "a grey toolbox with miscellaneous tools and two (2) computers" be returned to Sammor, and further ordered "that the Prosecuting attorney and Defense Counsel shall establish an agreed listing of `household items' seized from this Defendant's personal residence by Monday, December 3, 2007, which items are to be returned to the Defendant." (Emphasis omitted.)
 {¶ 4} On December 7, 2007, the parties were given an extension until December 17, 2007, to reach an agreement. On December 31, 2007, the prosecutor filed a "notice of proposed offer," and on January 4, 2008, Sammor filed a "notice of parties (sic) failure to resolve return of property issued." On January 23, 2008, the trial court entered an order finding "[g]iven that the Defendants have failed to offer evidence that additional items should be returned, the Court will enforce the terms of the plea agreement." Ultimately, the trial court ordered the return of the property listed in the proposed offer submitted by the State, and held that the remainder of the seized property was forfeited. Sammor timely appeals, raising one assignment of error for review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRONEOUSLY ORDERED THE FORFEITURE OF PROPERTY SEIZED FROM [SAMMOR]'S RESIDENCE WHERE THERE WAS NO EVIDENCE THAT SAID PROPERTY WAS THE FRUIT OF CRIMINAL ACTIVITY." *Page 3 
 {¶ 5} Sammor argues that the trial court erred in finding the evidence seized at his residence was forfeited under the plea agreement where there was no evidence that the property in question was linked to any criminal activity. This Court disagrees.
 {¶ 6} It has long been recognized "that the acceptance or rejection of a plea bargain is within the sound discretion of the trial judge[.]"In re Disqualification of Mitrovich (1990), 74 Ohio St.3d 1219, 1220. Once the agreement is accepted by the court, it is a binding agreement governed by the principles and standards of contract law. State v.Stanley, 7th Dist. No. 99-C.A.-55, 2002-Ohio-3007, at ¶ 41.
 {¶ 7} When addressing plea agreements calling for the forfeiture of seized property, this Court has found that "adherence to statutory forfeiture procedures is unnecessary if there is a signed plea agreement * * * acknowledging that, as a condition of the plea, property seized by the state is forfeited." State v. Fogel, 9th Dist. No. 04CA008498,2004-Ohio-6268, at ¶ 7. Thus, when property is forfeited through a plea agreement, the forfeiture is "not `effectuated by operation of the statutory provisions governing the forfeiture of contraband, but rather by the parties' agreement.'" Id. at ¶ 9, quoting State v. Harper (Feb. 28, 1996), 9th Dist. No. 17570. Furthermore, where an individual enters into a plea agreement and voluntarily agrees to the forfeiture of his property, there is no violation of his due process rights. Id., citingState v. Gladden (1993), Ohio App.3d 287, 289 ("[I]t cannot be said that appellant's due process rights were violated because by entering into the plea agreement appellant clearly had notice of and agreed to the forfeiture of his property.").
 {¶ 8} In this case, Sammor admitted on the record that he entered into the plea agreement knowingly, intelligently and voluntarily. As part of the plea agreement, Sammor pled guilty to the thirty-two (32) counts and two (2) forfeiture specifications contained in the *Page 4 
indictment. In describing the terms of the agreed forfeiture of property, the prosecutor provided that "[w]ith respect to the forfeitures, all the property seized is to be forfeited with the exception of one van." After a brief clarification of the number of forfeiture specifications, Sammor's counsel agreed with the prosecutors characterization of the agreement stating: "[t]hat is my understanding of the plea agreement." However, Sammor's counsel also specified some of what he believed to be the finer details of the plea agreement:
 "It is also my understanding that the State of Ohio will work with us in good faith regarding the property that is being forfeited here today where there are receipts or other evidence that their [sic] personal use property, not the results of any crimes, that we'll at least be able to talk about return of some of the items, the household items that were seized from my client's home at 1111 Newcomb Road."
 {¶ 9} Sammor argues that the trial court incorrectly shifted the burden of proof in concluding that Sammor failed to show that the disputed "household items" were obtained legally and therefore were subject to forfeiture under the plea agreement. Sammor bases his argument on R.C. 2981.04(B) which requires the State to prove "by a preponderance of the evidence that the property is in whole or part subject to forfeiture" before a court may return a verdict of forfeiture. More specifically, Sammor claims that the State has failed to meet its burden showing that the seized property was subject to forfeiture as "[contraband involved in an offense" under R.C. 2981.02(A)(1).
 {¶ 10} However, because the forfeiture of Sammor's property was effectuated by his plea agreement with the State, "adherence to forfeiture procedures laid out in the Ohio Revised Code * * * was unnecessary." Fogel at ¶ 9. Sammor had clear notice as to the extent of his forfeiture, and by entering the plea agreement he effectively "waived application of the statutory provisions governing forfeiture procedure." State v. Hensley, 9th Dist. No. 03CA008356, 2004-Ohio-2664, at ¶ 8. Therefore, the trial court correctly *Page 5 
found that the items in question were forfeited under the plea agreement due to the absence of evidence showing it was obtained lawfully. Accordingly, Sammor's sole assignment of error is overruled.
 III. {¶ 11} Sammor's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
 WHITMORE, J. MOORE, J. CONCUR *Page 1