[Cite as *State v. Compton*, 2021-Ohio-3106.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                   No. 109427

    v.                                  :

JAMAICA COMPTON,                        :

    Defendant-Appellant.        :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 9, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-638860-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Ashley Gilkerson, Assistant Prosecuting Attorney, *for appellee.*

J. Y. Scott Law, L.L.C., and Jennifer J. Scott, *for appellant.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Defendant-appellant, Jamaica Compton ("Compton"), appeals from the trial court's order of forfeiture following her plea of guilty to the misdemeanor offense of permitting drug abuse. She raises the following assignments of error for review:

1. The trial court erred and the appellant was denied due process when the trial court issued an order of forfeiture of U.S. currency as an instrumentality when the appellant was convicted of a misdemeanor offense by placing the burden upon appellant to legitimize the monies.

2. The trial court erred and the appellant was denied due process when the trial court issued an order of forfeiture of U.S. currency by apply a preponderance of the evidence standard as the state of Ohio's burden of proof instead of the applicable clear and convincing standard.

3. The trial court erred and the appellant was denied due process when the trial court issued an order of forfeiture of monies seized at the time of the arrest despite the absence of any proof showing a nexus between the crimes on which the accused was convicted and the seized monies.

4. The trial court erred and the appellant was denied due process when the trial court issued an order of forfeiture without an independent determination as to whether the fine was excessive.

{¶ 2} After careful review of the record and relevant case law, we affirm the trial court's judgment.

## I. Procedural and Factual History

{¶ 3} In April 2019, Compton was named in a three-count indictment, charging her with drug trafficking in violation of R.C. 2925.03(A)(2), with juvenile and forfeiture specifications; drug possession in violation of R.C. 2925.11(A), with forfeiture specifications; and possession of criminal tools in violation of R.C. 2923.24(A), with forfeiture specifications. The indictment stemmed from allegations that Compton participated in a large-scale drug trafficking scheme by receiving a package containing 248.72 grams of raw methylenedioxymethamphetamine ("MDMA") at a postal box. At the time of her apprehension, detectives discovered $14,260 inside Compton's purse.

{¶ 4} Relevant to this appeal, the forfeiture specification attached to each offense alleged as follows:

> the defendant(s), Jamaica Compton, is/are the owner(s) and/or possessor(s) of $14,260.00 in U.S. currency, which is contraband and/or property derived from or through the commission of an offense, and/or is an instrumentality the offender(s) used or intended to use in the commission of or facilitation of felony offense, to wit: said money being drug proceeds and/or used to purchase more drugs and/or drug paraphernalia and/or used to facilitate the transfer and/or transportation of drugs and/or drug paraphernalia.

{¶ 5} Following negotiations with the state, Compton retracted her former plea of not guilty and entered a plea of guilty to permitting drug abuse in violation of R.C. 2925.13, with forfeiture specifications,[1] as amended in Count 1 of the indictment. The remaining counts were nolled. In exchange for the reduced charges, Compton agreed to "cooperate with all local, state, and federal authorities and [to] testify truthfully in all hearings and trials of codefendants and accomplices in this matter as well as forfeit all items seized." (Tr. 4.) The state clarified that the "exact amount [of U.S. currency was] to be determined at sentencing." (Tr. *id.*)

---

[1] With respect to the forfeiture specifications attached to amended Count 1, the trial court's judgment entry, dated September 16, 2019, states that "Defendant retracts former plea of not guilty and enters a plea of guilty to permitting drug abuse 2925.13(A) M1 with forfeiture specification(s) (2941.1417) as amended in Count(s) 1 of the indictment." It is axiomatic that the trial court speaks only through its journal entries. *Schenley v. Kauth,* 160 Ohio St. 109, 113 N.E.2d 625 (1953). As it pertains to this appeal, Compton does not challenge the adequacy of the court's Crim.R. 11 colloquy or the validity of the plea as it pertains to the forfeiture specifications. *See State v. Chappell*, 8th Dist. Cuyahoga No. 93298, 2010 Ohio 2465, ¶ 37 ("[Defendant] never raised any challenge to the foregoing language, and, if it were erroneous, did not request a correction or modification of it pursuant to App.R. 9(E).").

{¶ 6} During the Crim.R. 11, the trial court explained the constitutional and nonconstitutional rights Compton would be waiving by entering a plea of guilty. Compton expressed that she was satisfied with counsel and that no threats or promises were made to induce her plea. In addition, Compton confirmed that she understood the nature of the charges and the maximum penalty involved, including her obligation to forfeit a cellphone and an amount of U.S. currency to be determined at the time of sentencing. Upon accepting Compton's plea and finding her guilty, the matter was continued to provide Compton "an opportunity to get her financial records in order to show that any of [the $14,260] may be legitimate." (Tr. 12.)

{¶ 7} A hearing was held in January 2020 to address the issues of forfeiture and sentencing. At the hearing, Detective Jonathan Willard ("Det. Willard") of the city of Lyndhurst Police Department testified that his department was notified by Homeland Security that it had intercepted a package containing a large quantity of raw MDMA that was shipped from New York to a postal box located in Cuyahoga County, Ohio. As part of the ongoing drug operation, the package was delivered to its intended postal box, where it was picked up by Compton. Det. Willard testified that a total of 248.72 grams of raw MDMA were seized in this case and that the street value of MDMA "can go as low as $100 a gram and as high as $250 a gram." (Tr. 20-21.) Thus, Det. Willard estimated that the value of the drugs shipped to Compton "would be close to $24,000 at $100 [per gram], and it would be almost double that for $250 [per gram]." (Tr. 21.) Det. Willard further testified that it was common in

his investigations to recover large amounts of cash from drug "mules" or "go-betweens." (Tr. *id.*)

{¶ 8} In an effort to demonstrate that the money recovered from her purse was from a legitimate source, Compton introduced several exhibits, including letters documenting her employment history as an independent contractor, a bank record evidencing Compton's withdrawal of a certificate of deposit in the amount of $2,500 in April 2018, a letter evidencing Compton's receipt of an inheritance from her late mother in an unspecified amount, a letter reflecting that Compton received a loan from her friend in the amount of $4,950 in March 2019, and an email correspondence between Compton and a real-estate agent that discussed the down payment Compton was required to make in order to secure the purchase of a property.

{¶ 9} At the conclusion of the hearing, the trial court sentenced Compton to a one-year term of community-control sanctions and ordered Compton to forfeit a cellular phone and $14,260 in U.S. currency. Regarding the forfeited U.S. currency, the trial court initially expressed that the state had the burden to prove by a preponderance of the evidence that the U.S. currency was subject to forfeiture. (Tr. 16.) However, upon further reflection, the court determined that, because there was an agreement of forfeiture, the sole issue before the court was whether Compton could establish that a portion of the money derived from a legitimate source. The court explained:

So the plea, again, was with a forfeiture. So there's an agreement to the forfeiture. It was just a matter of how much at this point, and the burden shifted to you. * * * Because there was an agreement of forfeiture, that burden then shifted to you to show legitimate — a legitimate source of the money, of any portion of the money.

(Tr. 36.) Significantly, defense counsel agreed with the court's summation of the applicable burden, stating:

Your Honor, I do agree with the court. I believe that the plea as was entered by Ms. Compton was that she would plead to the permitting drugs abuse and that that we would — the burden would be upon us at the time of sentencing to legitimize the money that was taken.

(Tr. 37.)

{¶ 10} At the conclusion of the sentencing hearing, the trial court ordered Compton to forfeit $14,260. The trial court found, in relevant part:

I am going to forfeit to the SPAN Enforcement $14,260. The defendant previously pled guilty back in September 16th of 2019. So you've had until today's date to get together any documentation to show me that any of this money was actually legitimately earned.

There's numerous opportunities, even in the documentation that you have given me, to get something more than just letters from somebody who is not here to explain or even to show through a 1099, through any type of estate distribution, legal documentation. There's admission that you were paid in checks.

There should be some sort of record regarding payments to you from a legitimate source, and that just has not been provided to me; not only that, but just, in general, the amount that I would be able to award you in and of itself. So, therefore, I am going to forfeit it.

(Tr. 54-54.)

{¶ 11} Compton now appeals from the trial court's judgment.

## II. Law and Analysis

## A. Effect of the Plea Agreement

{¶ 12} In her first assignment of error, Compton argues the trial court erred when it issued an order of forfeiture of U.S. currency following her plea of guilty to a misdemeanor offense by placing the burden upon her to legitimize the seized monies. Compton contends that the plea agreement did not diminish the state's requirement to first prove by clear and convincing evidence that the monies in question were subject to forfeiture under R.C. 2981.02 and 2981.04.

{¶ 13} In her second assignment of error, Compton argues the trial court erred by applying a preponderance of the evidence standard when determining whether forfeiture was appropriate. Collectively, Compton's first and second assignments of error challenge the trial court's adherence to statutory provisions governing criminal forfeiture. We address these assigned errors together because they are related.

{¶ 14} R.C. Chapter 2981.01, et seq., set forth procedures that must be followed to effectuate the forfeiture of seized property including contraband and money resulting from criminal activity. R.C. 2981.02 sets forth the property subject to forfeiture and provides, in relevant part:

> (A)(1) The following property is subject to forfeiture to the state or a political subdivision under either the criminal or delinquency process in section 2981.04 of the Revised Code or the civil process in section 2981.05 of the Revised Code:
>
> (a) Contraband involved in an offense;

(b)  Proceeds derived from or acquired through the commission of an offense;

(c)  An instrumentality that is used in or intended to be used in the commission or facilitation of any of the following offenses when the use or intended use, consistent with division (B) of this section, is sufficient to warrant forfeiture under this chapter:

>    (i)  A felony; [or]

>    (ii)  A misdemeanor, when forfeiture is specifically authorized by a section of the Revised Code or by a municipal ordinance that creates the offense or sets forth its penalties[.]

R.C. 2981.02(A).

{¶ 15} R.C. 2981.04, which governs forfeiture specifications, states, in relevant part:

> If a person pleads guilty to * * * an offense * * * and the complaint, indictment, or information charging the offense * * * contains a specification covering property subject to forfeiture under section 2981.02 of the Revised Code, the trier of fact shall determine whether the person's property shall be forfeited.  If the state * * * proves by clear and convincing evidence that the property is in whole or part subject to forfeiture under section 2981.02 of the Revised Code, after a proportionality review under section 2981.09 of the Revised Code when relevant, the trier of fact shall return a verdict of forfeiture that specifically describes the extent of the property subject to forfeiture.

R.C. 2981.04(B).

{¶ 16} In turn, R.C. 2981.09 sets forth the standard for a proportionality determination, stating, in relevant part:

> (A)  Property may not be forfeited as an instrumentality under this chapter to the extent that the amount or value of the property is disproportionate to the severity of the offense.  The state or political subdivision shall have the burden of going forward with the evidence and the burden to prove by clear and convincing evidence that the

amount or value of the property subject to forfeiture is proportionate to the severity of the offense.

(B) Contraband and any proceeds obtained from the offense are not subject to proportionality review under this section.

R.C. 2981.09(A)-(B).

{¶ 17} In this case, Compton pleaded to a single misdemeanor offense[2] that carried a forfeiture specification pursuant to R.C. 2941.1417(A), which alleged that the $14,260 found in Compton's possession was contraband, proceeds, or an instrumentality of the underlying offense.

{¶ 18} Generally, "[a] defendant may plead guilty to an offense while contesting an attendant forfeiture specification." *State v. Williams*, 8th Dist. Cuyahoga No. 106178, 2018-Ohio-2199, ¶ 8, citing *State v. Trivette*, 195 Ohio App.3d 300, 2011-Ohio-4297, 959 N.E.2d 1065, ¶ 9 (9th Dist.). Here, however, Compton pleaded to the underlying offense with the understanding that she was required to forfeit U.S. currency pursuant to the terms of her plea agreement with the state. In exchange for her reduced charge and the dismissal of the remaining offenses, Compton agreed to cooperate in ongoing proceedings relating to the drug operation and to "forfeit all items seized." (Tr. 4.) At the time of the plea hearing,

---

[2] This court has previously recognized the lawfulness of a forfeiture situation, such as here, where a defendant's plea is to a misdemeanor rather than a felony based on a negotiated plea agreement that reduces the charge in exchange for the defendant's guilty plea and the forfeiture of property. *See State v. Fogel*, 8th Dist. Cuyahoga No. 87035, 2006 Ohio App. LEXIS 1500, 5 (Mar. 30, 2006) (finding that the forfeiture was lawful despite the defendant's plea to a misdemeanor offense because it was effectuated by the parties' agreement and not the statutory provisions governing forfeiture). Thus, the limiting language set forth under R.C. 2981.02(A)(1)(c)(ii) is not implicated in this case.

the trial court reiterated Compton's obligation to forfeit U.S. currency under the plea agreement, but advised Compton that, notwithstanding the value listed in the forfeiture specification, it would contemplate the extent of the monetary forfeiture at the time of sentencing. (Tr. 4, 12, 24.) Compton stated that she understood her obligations under the plea agreement, and she does not argue on appeal that her plea was unknowingly, unintelligently, or involuntarily made. Under these circumstances, Compton's agreement to forfeit seized items was unquestionably contractual in nature.

{¶ 19} As recognized by this court, "when [a] defendant enters a plea agreement calling for the forfeiture of seized property, adherence to the statutory procedures [is] unnecessary." *State v. Eppinger*, 8th Dist. Cuyahoga No. 95685, 2011-Ohio-2404, ¶ 9, citing *Chappell*, 8th Dist. Cuyahoga No. 93298, 2010-Ohio-2465, at ¶ 37-38. In other words, "[w]hen property is forfeited through a plea agreement, the forfeiture is 'not effectuated by operation of the statutory provisions governing forfeiture of contraband, but rather by the parties' agreement.'" *State v. Glanton*, 6th Dist. Wood No. WD-18-091, 2020-Ohio-834, ¶ 15, quoting *State v. Sammor*, 9th Dist. Summit No. 24094, 2008-Ohio-4847, ¶ 7; *State v. Fogel*, 9th Dist. Lorain No. 04CA008498, 2004-Ohio-6268, ¶ 7.

{¶ 20} Because the forfeiture of U.S. currency was effectuated by Compton's negotiated plea agreement with the state and not Chapter 2981 of the Ohio Revised Code, there was no need for the trial court to consider or address the state's burden of proof under R.C. 2981.02, 2981.04, or 2981.09 at the time of sentencing in this

case. *See Sammor* at ¶ 7-10 (by entering plea agreement calling for the forfeiture of property, defendant waived application of the statutory provisions governing forfeiture procedure; in addition, defendant's due process rights were not violated). The fact that the parties did not designate a specific amount of U.S. currency to be forfeited at the time of the plea does not negate the fact that the forfeiture of U.S. currency, once determined, would be based on the terms of the plea agreement and not by operation of the Ohio Revised Code. The state's good faith decision to provide Compton the opportunity to be heard on the $14,260 referenced in the indictment at the time of sentencing was part of the negotiation process and served, in part, as consideration to induce Compton's plea and ensure her cooperation in the ongoing trafficking investigations. *See id.* at ¶ 8-10 (by entering plea agreement calling for the forfeiture of property, the defendant "waived application of the statutory provisions governing forfeiture procedure" even though the state provided the defendant the opportunity during the sentencing hearing to show that some of the items included in the forfeiture specification were lawfully obtained).

{¶ 21} Based on the foregoing, we find the trial court did not commit reversible error by referencing the standard of review set forth in a prior version of R.C. 2981.04. Moreover, we are unable to conclude that the trial court erred by placing the burden of proof on Compton to legitimize the seized monies where, as here, defense counsel agreed that the hearing was limited to a determination of whether the seized money derived from a legitimate source.

{¶ 22} Compton's first and second assignments of error are overruled.

## B. Manifest Weight of the Evidence

{¶ 23} In her third assignment of error, Compton argues the order of forfeiture was against the manifest weight of the evidence. Compton contends the state failed to prove by clear and convincing evidence that the seized money was connected to the underlying criminal offense. R.C. 2981.02. Compton further contends that the state failed to prove by clear and convincing evidence that the value of the property subject to forfeiture was proportionate to the severity of the offense. R.C. 2981.09.

{¶ 24} Generally, this court reviews an order of forfeiture under the manifest weight of the evidence standard and must affirm the order of forfeiture if it is supported by competent, credible evidence. *State v. Howard*, 8th Dist. Cuyahoga No. 105327, 2017-Ohio-8734, ¶ 3, citing *In re S.L.*, 8th Dist. Cuyahoga No. 93986, 2010-Ohio-1440, ¶ 10. In considering a manifest weight of the evidence challenge, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine "'whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 25} As stated, Compton's negotiated plea agreement relieved the state of its burden of proof under R.C. Chapter 2981, et seq. The procedural framework and

statutory requirements for forfeiture were inapplicable to the trial court's review and subsequent order in this case. Accordingly, we find no merit to Compton's arguments concerning the burden of proof set forth under R.C. 2981.04 and 2981.09, or the alleged deficiencies of the state's evidence. Nevertheless, the record supports Compton's contention that the parties agreed during the plea proceedings that the trial court would allow Compton to "get her financial records in order" and provide her the opportunity to prove that the seized money derived from a legitimate source. (Tr. 4, 12, 24.)

{¶ 26} To this end, Compton presented the trial court with documentary evidence in an effort to demonstrate that whole or part of the money recovered from her purse on the day of the incident was tied to legitimate sources. Compton argued at the time of sentencing that the records of her stable employment and access to funds "demonstrated that she had legitimately earned funds and had a reason to have cash on her [at] that period of time." (Tr. 43.) The trial court rejected Compton's position and questioned the persuasiveness of the documents, stating, in relevant part:

> But my problem with this is that it's kind of just like throwing things at the wall. Even in the easiest of circumstances * * * where there's been a disbursement in an estate. Surely you can have some sort of documentation to show at least how much that was. That's not even here.
>
> So I think that — the issue is that there's not enough here that should be here to be able to even show any of this. You have got a letter from an attorney who's saying in this letter that he has disbursed funds, it doesn't even say how much, and that is readily available information that would be very helpful to show a legitimate source of income, but

> the fact that that's not been presented makes me a little bit suspect. In each of these cases, there's very easy ways to — I understand that not everybody uses banks, but at least the disbursements, the checks from the companies, the 1099, the disbursement from the estate, those are really easy documents; and the fact that nobody has come forward with any of that documentation is concerning to the court; and that's why I am going to grant the forfeiture.

(Tr. 45-46.)

**{¶ 27}** After careful review of the record and relevant evidence, we are unable to conclude that the trial court erred by failing to reduce the forfeiture based on the evidence submitted during the sentencing hearing. Initially, we note that the documents relied on by Compton are not part of this record. *See State v. Parker*, 8th Dist. Cuyahoga No. 93835, 2011-Ohio-1059, ¶ 48 (noting that in the absence of documentary evidence in the appellate record, we are prevented from conducting a proper analysis). Nevertheless, we agree with the trial court's general premise that the documents discussed on the record did not establish a direct connection to the seized U.S. currency or otherwise legitimize the monies, which were found on Compton while she was in possession of a significant quantity of raw MDMA that was connected to a large-scale drug trafficking scheme. As recognized by the court, the various documents were not authenticated, were not corroborated by available tax and estate records, and did not provide specific accounting for the entire amount of money seized.

**{¶ 28}** Compton's third assignment of error is overruled.

## C. Constitutional Protections

{¶ 29} In her fourth assignment of error, Compton argues the trial court erred by issuing the order of forfeiture without making "an individual determination as to whether the forfeiture of $14,260 was 'excessive.'" Compton contends the forfeiture violates the prohibition against excessive fines because the value of the forfeiture is grossly disproportionate to the seriousness of her offense.

{¶ 30} The Eighth Amendment to the United States Constitution states that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." Article I, Section 9, of the Ohio Constitution includes an identical prohibition. Criminal forfeiture of property as a form of punishment for a specified offense constitutes a "fine" for purposes of both the Ohio Constitution and the United States Constitution. *State v. Hill*, 70 Ohio St.3d 25, 635 N.E.2d 1248 (1994), syllabus. "Accordingly, prior to entering an order of forfeiture, the trial court must make an independent determination whether forfeiture of that property is an 'excessive fine' prohibited by the Excessive Fine Clauses of the Ohio and United States Constitutions." *Id.* A forfeiture will be considered an excessive fine only when, in light of all the relevant circumstances, the forfeiture is grossly disproportionate to the offense committed. *Id.* at 34.

{¶ 31} Several districts have suggested that where, as here, property is forfeited pursuant to the express terms of a negotiated plea agreement, the defendant lacks standing to challenge whether the forfeiture was proportionate or, alternatively, invited any error that occurred regarding the failure of the trial court

to independently determine whether the forfeiture constituted an excessive fine. *State v. Glanton*, 6th Dist. Wood No. WD-18-091, 2020-Ohio-834, ¶ 16; *State v. Smith*, 5th Dist. Muskingum No. CT2007-0073, 2008-Ohio-3306, ¶ 34. However, because the plea agreement in this case did not contain an explicit waiver of Compton's Eighth Amendment rights and did not set forth a specific amount of U.S. currency to be forfeited, we decline to apply the foregoing to the circumstances presented in this case. Nevertheless, we find no merit to appellant's assigned error.

{¶ 32} Initially, we note that Compton did not challenge the constitutionality of the forfeiture before the trial court, and consequently, cannot do so for the first time on appeal. *State v. Awan*, 22 Ohio St.3d 120, 2489 N.E.2d 277 (1986), syllabus. Failure to raise an objection at the trial court level constitutes a waiver of the right to raise that issue on appeal absent plain error. *State v. Mazzagatti*, 9th Dist. Summit No. 22982, 2006-Ohio-3288, ¶ 5 (applying plain error to a claim that the trial court failed to make an independent determination whether the forfeiture of the property was an excessive fine prohibited by the excessive fine clauses of the Ohio and United States Constitutions).

> To establish that plain error occurred, we require a showing that there was an error, that the error was plain or obvious, that but for the error the outcome of the proceeding would have been otherwise, and that reversal must be necessary to correct a manifest miscarriage of justice.

*State v. Buttery*, Slip Opinion No. 2020-Ohio-2998, ¶ 7.

{¶ 33} In this case, the trial court reviewed Compton's written brief in opposition to forfeiture and conducted a hearing to determine the appropriate

amount of U.S. currency to be forfeited. In this regard, the trial court heard testimony from Det. Willard, who described Compton's role in the large-scale drug trafficking operation and estimated that the 248.72 grams of raw MDMA found in Compton's possession had a street value of $100 to $250 per gram. In addition, the trial court reviewed documentary evidence that was submitted by Compton in her attempt to demonstrate that the money discovered in her purse at the time of her detention derived from a legitimate source. Weighing the terms of Compton's plea, the arguments posed in Compton's brief in opposition, and the evidence presented during the forfeiture hearing, the trial court concluded that the forfeiture of $14,260 was warranted based on the nature of the offense and its nexus to the money seized. In our view, the trial court's assessment of the relevant materials and competing arguments posed during the forfeiture hearing constituted an independent review that inherently included a determination that the forfeiture was not excessive. Moreover, Compton has presented no arguments or precedent to suggest that the forfeiture so grossly disproportionate to the offense as to violate the Excessive Fines Clauses of the Ohio and United States Constitutions. We find no plain error.

{¶ 34} Compton's fourth assignment of error is overruled.

{¶ 35} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

MARY J. BOYLE, A.J., and
MARY EILEEN KILBANE, J., CONCUR