[Cite as *State v. McCall*, 2022-Ohio-843.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2021CA0030 |
| | : | |
| EUGENE B. MCCALL | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Coshocton County
Court of Common Pleas, Case Nos.
16CR0062 & 16CR0097


JUDGMENT:                    AFFIRMED


DATE OF JUDGMENT ENTRY:      March 16, 2022


APPEARANCES:


For Plaintiff-Appellee:                 For Defendant-Appellant:

JASON W. GIVEN                          EUGENE B. MCCALL, PRO SE
COSHOCTON COUNTY PROSECUTOR             Noble Correctional Institution
318 Chestnut Street                     15708 McConnelsville Road
Coshocton, OH 43812                     Caldwell, OH 43724

*Delaney, J.*

{¶1} Defendant-Appellant Eugene B. McCall appeals the December 14, 2021 judgment entry of the Coshocton County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2} In *State v. McCall*, 5th Dist. Coshocton No. 2017CA0002, 2017-Ohio-7860, we outlined the following facts from Appellee's bill of particulars filed December 19, 2016. This case arose when law enforcement made a series of controlled buys of narcotics from Appellant.

{¶3} On July 11, 2016, a confidential informant (C.I.) bought $60 worth of crack cocaine from Appellant while two juvenile males were present.

{¶4} On July 14, 2016, a C.I. purchased $60 worth of crack cocaine from Appellant in a deli parking lot. Appellant drove to and from the transaction in a red Corvette.

{¶5} Later that day, a search warrant was executed at Appellant's residence. During the search, "evidence of drug use and suspected drug trafficking" was found throughout the residence, including crack pipes, unmarked pills, crack cocaine, syringes, and suspected heroin. Law enforcement also found a Ruger .45 firearm, two loaded clips, and two boxes of ammunition. Appellant was under disability due to multiple prior convictions of offenses involving the illegal possession, use, sale, administration, distribution, or trafficking of any drug of abuse.

{¶6} In Case Number 16 CR 0062, Appellant was charged by indictment with one count of having weapons while under disability, a felony of the third degree pursuant

to R.C. 2923.13(A)(3) [Count I, date of offense July 14, 2016]; one count of trafficking in cocaine, a felony of the second degree pursuant to R.C. 2925.03(A)(2) and (C)(4)(d) [Count II, date of offense July 14, 2016]; one count of trafficking in cocaine, a felony of the fourth degree pursuant to R.C. 2925.03(A)(1) and (C)(4)(b) [Count III, date of offense July 11, 2016]; and one count of trafficking in cocaine, a felony of the fourth degree pursuant to R.C. 2925.03(A)(1) and (C)(4)(b) [Count IV, date of offense July 14, 2016].

{¶7}   Count II was accompanied by two forfeiture specifications, one related to $1,728 in cash and the other related to a 1994 Chevrolet Corvette.

{¶8}  On September 19, 2016, Appellee filed a motion to forfeit Appellant's bond because on September 17, 2016, Appellant was discovered to be driving without an operator's license and in possession of 15 grams of cocaine. Appellee later withdrew the motion, and it was overruled by the trial court.

{¶9}  In Case Number 16 CR 0097, Appellant was charged by indictment with one count of possession of cocaine, a felony of the fifth degree pursuant to R.C. 2925.11(A) and (C)(4) [date of offense March 5, 2016]. The single-count indictment also included a forfeiture specification relating to $4,510 in cash.

{¶10} On November 18, 2016, an amended indictment was filed in Case Number 16 CR 0062 which added three counts to those listed supra: one count of drug possession [heroin], a felony of the fifth degree pursuant to R.C. 2925.11(A) and (C)(6)(a) [Count V, date of offense July 14, 2016]; one count of drug possession [hydrocodone], a felony of the fifth degree pursuant to R.C. 2925.11(A) and (C)(2)(a) [Count VI, date of offense July 14, 2016]; and one count of possession of drugs

[buprenorphine], a felony of the fifth degree pursuant to R.C. 2925.11(A) and (C)(2)(a) [Count VII, date of offense July 14, 2016].

{¶11} On December 9, 2016, Appellee moved to join both cases pursuant to Crim. R. 8 and 13. The trial court granted the motion, and the cases were consolidated.

{¶12} On January 24, 2017, based on a plea negotiation with Appellee, Appellant changed his pleas of not guilty to no contest to Counts I through VII, including the forfeiture specifications as to the $1,728 in cash and a 1994 Chevrolet Corvette, in Case No. 16 CR 0062, although Count II was amended to a felony of the fourth degree. Appellant also entered a negotiated plea of no contest to the sole count in the indictment in Case No. 16 CR 0097, which included a forfeiture specification of $4,510 in cash. The signed plea agreement forms were filed on January 24, 2017.

{¶13} In exchange for Appellant's pleas of no contest, Appellee agreed to recommend a prison term of six years (concurrent with a term of 11 months in 16 CR 0097); not to oppose a pre-sentence investigation; not to pursue charges from the traffic stop on September 17, 2016; and to return the $2,148 seized during that stop.

{¶14} During the plea colloquy, the trial court reviewed the nature of the charges and the penalties, including the forfeiture specifications. When the trial court asked if he had any questions, Appellant answered that he did not, and responded he wanted to voluntarily enter a plea of no contest to the charges.

{¶15} The trial court sentenced Appellant to an aggregate prison term of six years and advised Appellant of the optional term of post-release control and penalties for any violation. Relevant to this appeal, the trial court also ordered forfeiture specified in the indictments as follows:

The Court granted Specification One in Count Two of the indictment. The Court finds that the One Thousand Seven Hundred Twenty Eight Dollars and No Cents ($1,728.00) is contraband, and said contraband is hereby forfeited to the Coshocton County Sheriff's Office.

The Court also granted Specification Two in Count Two of the indictment. The Court finds that the 1994 Chevrolet Corvette * * *2615, is contraband, and said contraband is hereby forfeited to the Coshocton County Board of Commissioners.

The Court granted the forfeiture specification in Count One of the indictment. The Court finds that the Four Thousand Five Hundred Ten Dollars and No Cents ($4,510.00) in U.S. Currency is contraband, and said contraband is hereby forfeited to the Coshocton County Sheriff's office.

(Case No. 16 CR 0062, Judgment Entry Plea of No Contest & Sentencing, Jan. 30, 2017, and Case No. 16 CR 0097, Judgment Entry Plea of No Contest & Sentencing Nunc Pro Tunc, Jan. 30, 2017). During the sentencing hearing, Appellant did not object to the trial court's procedures or determinations as to the forfeiture specifications.

{¶16} Appellant appealed his sentence, and we overruled his assignments of error and affirmed the trial court's sentencing entry. *State v. McCall*, 5th Dist. Coshocton No. 2017CA0002, 2017-Ohio-7860. In his direct appeal, Appellant did not raise forfeiture as a specific assignment of error.

{¶17} On March 8, 2018, Appellant, pro se, filed his first petition for post-conviction relief alleging the sentences imposed were void. Appellee opposed the motion and, on March 20, 2018, the trial court journalized its entry denying the motion, without

a hearing, finding that "the defendant's motion to be not well taken and said motion is denied." Appellant appealed the judgment entry to this Court. In *State v. McCall*, 5th Dist. Coshocton No. 2018CA0002, 2018-Ohio-3306, we dismissed his appeal for lack of a final appealable order.

{¶18} On November 18, 2021, Appellant filed a pro se "Motion to Vacate Void Judgment that Violate the Defendant's Ohio and U.S. Constitutional Rights to Due Process and Equal Protection." In his motion, Appellant argued the trial court committed plain error in violation of R.C. Chapter 2981, et seq., when it failed to hold a separate civil hearing and conduct a proportionality review before determining the property should be forfeited. He contended the trial court's failure resulted in the forfeiture judgments being void.

{¶19} Appellee did not file a response to the motion.

{¶20} The trial court denied Appellant's motion on December 14, 2021. It held his argument was without merit because the forfeiture of the property was entered pursuant to the plea agreement between Appellee and Appellant. The trial court reviewed the sentencing hearing transcript and noted that within the plea agreement, there was a reduction in the charge contained in Count II of Case No. 16 CR 0062. Appellee recommended a maximum sentence of six years and an agreement to not charge Appellant for any crimes arising out of a September 17, 2016 traffic stop. In exchange, Appellant entered pleas of no contest to the charges and the forfeiture specifications. Because the property was forfeited through a plea agreement, the trial court found that it was not required to follow the statutory forfeiture proceedings and Appellant's due process protections were not violated.

{¶21} It is from this judgment that Appellant now appeals.

## ASSIGNMENT OF ERROR

{¶22} Appellant raises one Assignment of Error:

{¶23} "THE TRIAL COURT COMMITTED PLAIN ERROR WHEN FAILING TO CONDUCT A PROPORTIONALITY REVIEW, VIOLATING THE EXCESSIVE FINES CLAUSE OF THE 8TH AMENDMENT AND THE APPELLANT'S RIGHTS TO DUE PROCESS."

## ANALYSIS

{¶24} In his sole Assignment of Error, Appellant contends the trial court committed plain error when it ordered a forfeiture of his cash and vehicle as stated in the indictments without following the procedures set forth in R.C. Chapter 2981, et seq. Upon review of the record and relevant case law, we disagree.

### The Effect of the No Contest Plea

{¶25} On January 24, 2017, pursuant to the plea agreement with Appellee in Case No. 16 CR 0062, Appellant entered a plea of no contest to Counts I through VII that included the following forfeiture specifications:

SPECIFICATION ONE AS TO COUNT TWO:

Further, the Grand Jurors of Coshocton County, Ohio, find that defendant, Eugene Burton McCall, was in possession of certain property, to-wit: One Thousand Seven Hundred and Twenty-Eight dollars ($1728), when said property constitutes, or is derived or indirectly from, any proceeds that said defendant obtained directly or indirectly from the commission of the felony

drug abuse offense or act and said property is subject to seizure and forfeiture pursuant to section 2981.02(A) of the Revised Code.

SPECIFICATION ONE AS TO COUNT TWO:

Further, the Grand Jurors of Coshocton County, Ohio, find that defendant, Eugene Burton McCall, was in possession of certain property, to-wit: 1994 Chevrolet Corvette * * *2615, when said property constitutes, or is derived or indirectly from, any proceeds that said defendant obtained directly or indirectly from the commission of the felony drug abuse offense or act and said property is subject to seizure and forfeiture pursuant to section 2981.02(A) of the Revised Code.

Appellant also entered a negotiated plea of no contest to the sole count in the indictment in Case No. 16 CR 0097, which included a forfeiture specification of $4,510 in cash. The forfeiture specification stated:

SPECIFICATION ONE AS TO COUNT ONE:

Further, the Grand Jurors of Coshocton County, Ohio, find that defendant, Eugene Burton McCall, was in possession of certain property, to-wit: $4,510.00 in U.S. Currency, when said property constitutes, or is derived or indirectly from, any proceeds that said defendant obtained directly or indirectly from the commission of the felony drug abuse offense or act and said property is subject to seizure and forfeiture pursuant to section 2981.02(A) of the Revised Code.

{¶26} In his motion to the trial court and on appeal, Appellant contends that he entered a plea of no contest to all the charges and specifications in the indictment. He did not, however, agree to any guilt or forfeiture of his property.

{¶27} "A plea of no contest is not an admission of guilt, but it is an admission of the truth of the facts alleged in the charging instrument, as well as the facts set forth by the state in its explanation of the circumstances surrounding the charge." *State v. Tamburin*, 145 Ohio App.3d 774, 780, 764 N.E.2d 503, 507–08, (9th Dist.2001) citing *State v. Perry*, 83 Ohio St.3d 41, 43, 697 N.E.2d 624 (1998). After a plea of no contest, the trial court does not determine if any facts are in dispute. *State v. Sims*, 2017-Ohio-8379, 99 N.E.3d 1056, ¶ 14 (1st Dist.). The trial court's role is to determine whether the admitted facts meet all the elements of the charged offenses. *Id*. By entering a plea of no contest in this case, Appellant admitted to the truth of the facts contained in the indictments (as amended), including that the cash and motor vehicle "constitutes, or is derived or indirectly from, any proceeds that said defendant obtained directly or indirectly from the commission of the felony drug abuse offense or act and said property is subject to seizure and forfeiture pursuant to section 2981.02(A) of the Revised Code." The trial court found Appellant guilty, which this Court affirmed on direct appeal.

**The Effect of the Plea Agreement**

{¶28} Appellant challenges the trial court's order of forfeiture, arguing it failed to follow the statutory provisions governing criminal forfeiture.

{¶29} R.C. Chapter 2981.01, et seq., set forth procedures that must be followed to effectuate the forfeiture of seized property including contraband and money resulting

from criminal activity. R.C. 2981.02 explains the property subject to forfeiture and provides, in relevant part:

> (A)(1) The following property is subject to forfeiture to the state or a political subdivision under either the criminal or delinquency process in section 2981.04 of the Revised Code or the civil process in section 2981.05 of the Revised Code:
>
> (a) Contraband involved in an offense;
>
> (b) Proceeds derived from or acquired through the commission of an offense;

R.C. 2981.02(A).

{¶30} R.C. 2981.04, which governs forfeiture specifications, states in pertinent part:

> If a person pleads guilty to or is convicted of, * * * an offense * * * and the complaint, indictment, or information charging the offense * * * contains a specification covering property subject to forfeiture under section 2981.02 of the Revised Code, the trier of fact shall determine whether the person's property shall be forfeited. If the state * * * proves by clear and convincing evidence that the property is in whole or part subject to forfeiture under section 2981.02 of the Revised Code, after a proportionality review under section 2981.09 of the Revised Code when relevant, the trier of fact shall return a verdict of forfeiture that specifically describes the extent of the property subject to forfeiture.

R.C. 2981.04(B).

{¶31} R.C. 2981.09 sets forth the standard for a proportionality determination, stating:

(A) Property may not be forfeited as an instrumentality under this chapter to the extent that the amount or value of the property is disproportionate to the severity of the offense. The state or political subdivision shall have the burden of going forward with the evidence and the burden to prove by clear and convincing evidence that the amount or value of the property subject to forfeiture is proportionate to the severity of the offense.

(B) Contraband and any proceeds obtained from the offense are not subject to proportionality review under this section.

R.C. 2981.09(A)-(B).

{¶32} Appellant contends that he entered a no contest plea to the charges and the specifications in the indictment. By pleading no contest, however, he argues he did not agree to the forfeiture of his property. "Generally, '[a] defendant may plead guilty to an offense while contesting an attendant forfeiture specification.'" *State v. Compton*, 8th Dist. Cuyahoga No. 109427, 2021-Ohio-3106, ¶ 18 quoting *State v. Williams*, 8th Dist. Cuyahoga No. 106178, 2018-Ohio-2199, 2018 WL 2904044, ¶ 8, citing *State v. Trivette*, 195 Ohio App.3d 300, 2011-Ohio-4297, 959 N.E.2d 1065, ¶ 9 (9th Dist.). Appellant's argument overlooks one important detail as to how he came to enter his plea of no contest to the charges and forfeiture specifications. This detail changes the nature of the forfeiture proceedings from statutory to contractual.

{¶33} In this case, Appellant changed his plea of not guilty to a plea of no contest to the underlying offenses, including the forfeiture specifications, based on a plea

agreement with Appellee. In exchange for his plea of no contest, Appellee agreed to recommend a prison term of six years (concurrent with a term of 11 months in 16 CR 0097); not to oppose a pre-sentence investigation; not to pursue charges from the traffic stop on September 17, 2016; and to return the $2,148 seized during that stop.

{¶34} Through his negotiated no contest plea, Appellant admitted to the truth of the facts stated in the indictment. There is no indication in the plea agreement or at the plea hearing that Appellant objected to the proceedings or contested the value or property listed in the forfeiture specifications. At the plea hearing, Appellant stated that he understood his obligations under the plea agreement, and he has made no argument in his appeals relating to Case Nos. 16 CR 0062 and 16 CR 0097 that his plea was unknowingly, unintelligently, or involuntarily made. Under these circumstances, we find that Appellant's agreement to forfeit the seized cash and motor vehicle were contractual in nature. *See Compton, supra* at ¶ 18.

{¶35} The Eighth District Court of Appeals has recognized that, "when [a] defendant enters a plea agreement calling for the forfeiture of seized property, adherence to the statutory procedures [is] unnecessary." *State v. Compton*, 2021-Ohio-3106, ¶ 19 quoting *State v. Eppinger*, 8th Dist. Cuyahoga No. 95685, 2011-Ohio-2404, 2011 WL 1935866, ¶ 9, citing *State v. Chappell*, 8th Dist. Cuyahoga No. 93298, 2010-Ohio-2465, 2010 WL 2201783, at ¶ 37-38. Stated another way, "[w]hen property is forfeited through a plea agreement, the forfeiture is 'not effectuated by operation of the statutory provisions governing forfeiture of contraband, but rather by the parties' agreement.'" *State v. Compton, supra* at ¶ 19 quoting *State v. Glanton*, 6th Dist. Wood No. WD-18-091, 2020-Ohio-834, 2020 WL 1080422, ¶ 15, quoting *State v. Sammor*, 9th

Dist. Summit No. 24094, 2008-Ohio-4847, 2008 WL 4335499, ¶ 7; *State v. Fogel*, 9th Dist. Lorain No. 04CA008498, 2004-Ohio-6268, 2004 WL 2674591, ¶ 7.

{¶36} Because the forfeiture of the cash and motor vehicle were effectuated by Appellant's negotiated plea agreement with Appellee and not R.C. Chapter 2981, the trial court was not required to consider the statutory forfeiture proceedings at the time of sentencing. *See Compton*, 2021-Ohio-3106 at ¶ 20. Upon this record, we find that Appellant's due process protections were not violated.

{¶37} Appellant's sole Assignment of Error is overruled.

## CONCLUSION

{¶38} The judgment of the Coshocton County Court of Common Pleas is affirmed.

By: Delaney, J.,

Gwin, P.J. and

Hoffman, J., concur.