[Cite as *State v. Pettigrew*, 2022-Ohio-2404.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | | JUDGES: |
| | : | | Hon. Earle E. Wise, P.J. |
| Plaintiff - Appellee | : | | Hon. Patricia A. Delaney, J. |
| | : | | Hon. Craig R. Baldwin, J. |
| -vs- | : | | |
| | : | | |
| RALPH PETTIGREW | : | | Case No. 2021 CA 00096 |
| | : | | |
| Defendant - Appellant | : | | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Licking County
Court of Common Pleas, Case No.
20-CR-00637

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      July 12, 2022

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

CLIFFORD J. MURPHY      CHRIS BRIGDON
Assistant Prosecuting Attorney      8138 Somerset Road
20 North Second Street      Thornville, Ohio 43076
4th Floor
Newark, Ohio 43055

*Baldwin, J.*

{¶1}   Ralph Pettigrew appeals the decision of the Licking County Court of Common Pleas denying his request for leave to file a motion to suppress evidence.  The State of Ohio is appellee.

## STATEMENT OF THE CASE AND THE FACTS

{¶2}   Pettigrew was indicted for six drug offenses: Count 1: Aggravated Possession Of Methamphetamine in violation of  R.C. 2925.11 (A)(C)(1)(c); Count 2: Aggravated Trafficking In Methamphetamine in violation of  R.C. 2925.03 (A)(2)(C)(1)(d); Count 3: Aggravated Possession Of Methamphetamine in violation of R.C. 2925.11 (A)(C)(1)(c); Count 4: Aggravated Trafficking In Methamphetamine in violation of R.C. 2925.03 (A)(2)(C)(1)(d); Count 5: Possession Of Fentanyl-Related Compound R.C. 2925.11 (A)(C)(11)(d); and Count 6: Trafficking In Fentanyl-Related Compound in violation of R.C. 2925.03 (A)(2)(C)(9)(e).  (Superseding Indictment, January 14, 2021). Pettigrew entered a written not guilty plea to all counts on February 1, 2021.

{¶3}   Pettigrew's probation officer filed an application for a *capias* to be issued for his arrest alleging that he violated terms of the pretrial release order. An arrest warrant was issued on February 18, 2021.  A pretrial was conducted on March 1, 2021, but Pettigrew failed to appear and was still subject to the *capias*.  The pretrial entry contains a reference to a possible motion regarding the stop, with another comment requiring pretrial motions to be filed in "about two weeks."  The court scheduled the trial for March 24, 2021.

{¶4}   Pettigrew did not appear for trial and another *capias* was issued.  He was found incarcerated in a Texas jail and extradited to Ohio.  On June 23, 2021, he moved

the trial court for leave to file a motion to suppress out of rule. The trial court denied the motion on August 30, 2021, finding that Crim. R. 12(D) required filing a pretrial motion by January 27, 2021 and that by pretrial order that deadline was extended to March 15, 2021. The court noted that warrants were issued for Pettigrew's arrest on February 18 and March 26 for failure to comply with his pretrial release and for failure to appear for trial and that, therefore, Pettigrew was responsible for the delay in the proceedings.

{¶5}     Pettigrew informed the trial court that he decided to withdraw his guilty plea and the matter came before the trial court to consider his request on October 27, 2021. Pettigrew agreed to enter a no contest plea in exchange for the state dismissing the charges for Aggravated Possession Of Methamphetamine (R.C. 2925.11 (A)(C)(1)(C)) and Aggravated Trafficking In Methamphetamine (R.C. 2925.03 (A)(2)(C)(1)(D)). The state conceded that counts three and four merged, that counts five and six merged and that the state sought to proceed to sentencing on counts four and six.

{¶6}     The trial court informed Pettigrew of his rights and warned him that "by changing your plea to no contest here today, that should the -- should the State present sufficient facts with which you agree that go to each and every element of the offense, that the Court can still enter guilty findings even though you're entering no contest pleas?" (Transcript, Oct 27, 2021, p. 8, line 20 to p. 9, line 1). After advising Pettigrew of his rights, the trial court asked the state to present the facts of the case and the state responded:

> On December 8, 2020, detectives were surveilling the area of Fourth Street in Newark, Licking County, Ohio. That would be detectives with the Central Ohio Drug Enforcement Task Force. The Defendant, Ralph Pettigrew, was known to have an active warrant for his arrest arising out of

an incident that happened on October 8, 2020. Detectives saw the Defendant exit a home on Fourth Street and get into a silver Acura, the same Acura as he was previously driving on the October 8, 2020, events. A traffic stop was initiated. That traffic stop was initiated in Licking County, Ohio, and the Defendant was arrested. After being advised of his Miranda rights, the Defendant told Detective Green and Detective Boerstler he had thrown dope into the back seat upon seeing the police cruiser behind him. A small green zippered bag, which he mentioned, was located on the rear floorboard and inside detectives located a crystal substance and an unknown substance. In the center console a crystal-like substance was also located. The substances were sent to and tested by the Central Ohio Regional Crime Lab and confirmed to be 28.384 grams of methamphetamine, a Schedule II controlled substance. Bulk for methamphetamine is 3 grams. This would be a number that would be in excess of five times bulk. Also was 17.591 grams of fentanyl, a Schedule II controlled substance. This all happened in Licking County, Ohio.

(Transcript, Oct 27, 2021, p. 9, line 25 to p. 11, line 3).

{¶7} At the conclusion of the presentation of facts, the trial court addressed Pettigrew:

Q. Mr. Pettigrew, do you agree with those facts that have been set forth by the State?

A. Yes, Your Honor.

Q. Have you discussed the facts and circumstances of your case along with all of your possible defenses or affirmative defenses fully and completely with your attorney?

A. Yes, Your Honor.

Q. Are you satisfied with the advice your attorney has given to you today and throughout the course of these proceedings?

A. Yes, Your Honor.

(Transcript, Oct 27, 2021, p.12, lines 3-14).

{¶8}   The trial court found Pettigrew guilty and imposed an aggregate sentence of five to seven and one-half years.

{¶9}   Pettigrew has filed an appeal and submitted one assignment of error:

{¶10}  "I. DEFENDANT'S COUNSEL WAS INEFFECTIVE WHEN HE FAILED TO FILE A MOTION TO SUPPRESS EVIDENCE WITHIN THE PRESCRIBED TIME FRAME UNDER CRIM.R. 12(D) AND AN EXTENSION OF THAT TIME PROVIDED BY THE COURT."

### STANDARD OF REVIEW

{¶11}  Pettigrew claims he was denied the effective assistance of counsel when his trial counsel did not file a timely motion to suppress the evidence of the drugs found in his vehicle.

{¶12}  To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) deficient performance by counsel, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's errors prejudiced the defendant, i.e., a reasonable probability that but for counsel's errors, the

result of the trial would have been different. *Strickland v. Washington,* 466 U.S. 668, 687–688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. "Reasonable probability" is "probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

**ANALYSIS**

{¶13} Pettigrew's asserts that his trial counsel was ineffective because he failed to file a motion to suppress within the time allotted by the Criminal Rules and the extension granted by the trial court. He contends that "a substantial portion of the State's evidence, if not all, against the Appellant would have been impacted, therefore, said failure to timely file caused prejudice." (Appellant's Brief, p.2).

{¶14} Our analysis of Pettigrew's argument requires that we identify the facts leading to the indictment before we can consider whether trial counsel's performance fell below an objective standard of reasonable representation and if there is a reasonable probability that but for counsel's errors, the result of the trial would have been different. Pettigrew does offer a limited description of the facts, but no reference to the record where those facts can be found. We have reviewed the record and find nothing to confirm the limited facts that Pettigrew describes in his brief.

{¶15} We find that the record contains only the facts submitted by the state and Pettigrew's agreement with those facts as he entered a plea of no contest. "A plea of no contest is not an admission of guilt, but it is an admission of the truth of the facts alleged in the charging instrument, as well as the facts set forth by the state in its explanation of the circumstances surrounding the charge." *State v. Tamburin*, 145 Ohio App.3d 774,

780, 764 N.E.2d 503, 507–08, (9th Dist.2001) citing *State v. Perry*, 83 Ohio St.3d 41, 43, 697 N.E.2d 624 (1998) as quoted in *State v. McCall,* 5th Dist. Coshocton No. 2021CA0030, 2022-Ohio-843, ¶ 27.   Pettigrew has admitted the facts in the indictment and the facts described by the state in its explanation of the circumstances that led to the charge: That he had an active warrant for his arrest; That he was seen in exiting a home and driving away in a silver vehicle; That he was stopped and arrested; That he was advised of his Miranda rights; That after he was advised of his Miranda rights he told detectives that he had thrown dope into the back seat; That the substances found in the back seat consisted of 28.384 grams of methamphetamine and 17.591 grams of Fentanyl; And that the events occurred in Licking County, Ohio.

**{¶16}** Under the facts in the record, we cannot conclude that trial counsel's failure to file a motion to suppress within the time limits fell below a reasonable objective standard.  The narrative of facts leading to the indictment in combination with Pettigrew's absence from the state leads inexorably to the conclusion that he did not receive ineffective assistance of counsel but that his actions caused a delay that prevented counsel from taking action prior to the established deadlines.

**{¶17}** Further, under the facts in the record, even if we were critical of counsel's late filing, we find there is not a reasonable probability that but for counsel's errors, the result of the trial would have been different. Pettigrew was stopped pursuant to an active warrant and arrested, so we find the officers had probable cause to stop and arrest him. After he was arrested and his rights were explained, he admitted to possession of "dope" which was later identified as a narcotic.  Pettigrew does not provide any support for a

conclusion that the outcome would have been different had counsel successfully filed a motion to suppress.

**{¶18}** Instead, Pettigrew relies upon an inaccurate description of the applicable standard for a finding of ineffective assistance of counsel.  He summarizes the issues presented and concludes that "had the Appellant's motion for leave to file out of rule and motion to suppress evidence both been granted, a substantial portion of the State's evidence, if not all, against the Appellant would have been impacted, therefore said failure to timely file caused prejudice."  To support an allegation of ineffective assistance of counsel in the context of this case, Pettigrew must provide evidence that there was a reasonable probability that the motion to suppress would have been granted and that would have led to a different result at trial.  His argument that if the motion would have been granted the evidence would have been impacted sets a lower bar for his argument that is without legal support and does not satisfy the requirement for ineffective assistance of counsel as described in *State v. Bradley* (1989), 42 Ohio St.3d 136, paragraph three of the syllabus.

**{¶19}** Pettigrew's assignment of error is denied.

{¶20} The decision of the Licking County Court of Common Pleas is affirmed.

By: Baldwin, J.

Wise, Earle, P.J. and

Delaney, J. concur.